BAXTER, ET AL. *v.* MONTGOMERY COUNTY BOARD OF APPEALS, ET AL.

[No. 683, September Term, 1966.]

*Decided December 4, 1967.*

The cause was argued before HAMMOND, C. J., and HORNEY, MARBURY, BARNES, FINAN and SINGLEY, JJ.

*Peter C. Andresen* for appellants.

No brief filed for appellees.

PER CURIAM.

The appeal to this Court is from dismissal of an appeal to the Circuit Court for Montgomery County by protestants against the granting by the County Board of Appeals of a special exception for a private educational institution. Section 2-83, Montgomery County Code, 1965 (formerly § 2-88 in the Code of 1960), provides for an appeal from the Board "by any person aggrieved by the decision of the board and a party to the proceeding before it * * *." The petition of appeal in the Circuit Court alleged both that the appellants, Baxter and Pinion, were "persons aggrieved * * * in that they are owners of property nearby or contiguous [to the subject property] * * * and would be adversely affected by the said decision, in that their property values would decrease and they would be specially damaged by noise and traffic * * *," and that they were parties to the proceeding before the Board as signers (with appended addresses) of a petition admitted in evidence before the Board

which protested the granting of the special exception and gave reasons for the protest.

Judge Anderson held that the signing of the petition of protest received by the Board was not enough to make Baxter and Pinion parties before the Board and that to be parties aggrieved they must have shown as part of the record before the Board the necessary elements of special interest and damage.

The court below applied too strict tests. If the administrative body received in writing the name of the protestant as a protestant, this is sufficient to make him a party before the Board. *Brashears v. Lindenbaum*, 189 Md. 619, 628; *DuBay v. Crane,* 240 Md. 180, 184 ("While it is not necessary that a protestant testify * * * it is incumbent on him, if he contemplates appealing an adverse decision, to, at least, have the record show he was a party to the proceeding") ; *Hertelendy v. Montgomery Co.,* 245 Md. 554, 567 ("The filing of the letter * * * by the appellant and its acceptance into evidence by the Board were sufficient to make Hertelendy a party to the proceeding. It is not required that he personally appear or personally testify at the hearing") ; *Bryniarski v. Montgomery County,* 247 Md. 137, 143.

It is established that if the pleadings on appeal from the Board to the Circuit Court allege in terms or by reasonable permissible inference that the appellants are aggrieved, the court may hear evidence to establish that aggrievement. *Town of Somerset v. Board,* 245 Md. 52, 63, and cases cited; *Kennerly v. Baltimore City,* 247 Md. 601.

*Order dismissing appeal reversed, with costs, and case remanded for further proceedings.*