## WRIGHT ET AL. *v.* McCUBBIN ET AL.

[No. 142, September Term, 1970.]

*Decided December 8, 1970.*

The cause was argued before HAMMOND, C. J., and BARNES, McWILLIAMS, SINGLEY, SMITH and DIGGES, JJ.

*A. Frederick Taylor*, with whom were *Martin & Taylor* and *Paul Martin* on the brief, for appellants.

*William F. Mosner*, with whom were *A. Gordon Boone,* Jr., and *Power & Mosner* on the brief, for appellees.

HAMMOND, C. J., delivered the opinion of the Court.

The appeal is by protestants below who seek to overturn a decision of Judge Turnbull sitting in the Circuit Court for Baltimore County granting a rezoning from residential use to commercial use that the Deputy Zoning Commissioner and the Board of Appeals had refused to grant on findings that there had been no substantial change in the character of the neighborhood and the site was inappropriate for the intended purpose.

The land involved is on the east side of Reisterstown Road opposite the Owings Mills Elementary School, and on it presently stand three frame dwellings, the owners of which have contracted to sell their properties to a supermarket chain for use as the site of a small shopping center. The appellants are neighboring property owners whose children, in most instances, attend the school. They adduced testimony before the Board as to the serious and potentially dangerous traffic problems that existed (and would be worsened if the zoning were granted), not only on Reisterstown Road generally but at and near the school because of its location on a hill, the shortness of its driveways, the type of its pupils and other factors. The applicants offered contrary expert evidence.

On the question of change—no claim of original error is made—the applicants produced evidence, which is not challenged, that contiguous land to the north and to the

south and to the rear of the land here involved had been rezoned for hundreds, if not more than a thousand, apartments, and that many had been built and were being lived in. One of these rezonings involved land on Straw Hat Road some 600 feet off Reisterstown Road, some 44 acres of which were rezoned to R-A (garden apartments), and 3.5 acres to B-L (business local). The land zoned B-L (which has not been utilized) was "within this apartment complex * * * and the intent of this zoning was to develop this strictly for services, beauty parlors, etc." He knew this, said the applicants' witness, because "I represented the applicant [in that case]."

Essentially, if not entirely, the changes relied on to support the requested rezoning for a commercial service area were intensifications of adjacent or surrounding residential uses. The cases have held that this of itself is not enough. *County Commissioners v. Fairwinds,* 230 Md. 569; *Wells v. Pierpont,* 253 Md. 554; *Miller v. Abrahams,* 257 Md. 126; *Chapman v. Montgomery County Council,* 259 Md. 641, 271 A. 2d 156 (1970) ; *Hardesty v. Dunphy,* 259 Md. 718, 271 A. 2d 152 (1970) ; *Cabin John Limited Partnership v. Montgomery County Council,* 259 Md. 661, 271 A. 2d 174 (1970) ; *Harley v. Aluisi,* 259 Md. 275, 269 A. 2d 575 (1970). Even if there had been some significant evidence of substantial change in the character of the neighborhood it is established that change which would support a rezoning does not compel it absent probative evidence that no reasonable use can be made of the property in its current zoning classification. *Furnace Branch Land Co. v. Board of County Commissioners of Anne Arundel County,* 232 Md. 536; *Skipjack Cove Marina v. County Commissioners,* 252 Md. 440, 453; *Cabin John Limited Partnership v. Montgomery County Council, supra.* There was no such evidence here and no other showing of arbitrary or capricious action and the Board of Appeals was within its power and right to decline to rezone. The Circuit Court erroneously and impermissibly granted rezoning.

Appellees moved to dismiss the appeal because John D.

Wright, who was president of the school's P.T.A. when he testified before the Board and whose name ("John D. Wright, et al") was used as the titling appellant on the papers in this Court (probably because he was the Abou Ben Adhem on the list of protestants filed with the Board), is no longer an aggrieved person because he has gone to live in Frederick County. We decline to dismiss because we think there are other aggrieved individuals who are appellants. At the hearing before the Board, the list of named individuals (and their addresses) who would be aggrieved if the rezoning were granted was submitted to and accepted by the Board. All thus became parties before the Board. *Brashears v. Lindenbaum*, 189 Md. 619, 628; *Toomey v. Gomeringer*, 235 Md. 456; *DuBay v. Crane*, 240 Md. 180; *Hertelendy v. Montgomery County Board of Appeals*, 245 Md. 554; *Baxter v. Montgomery County*, 248 Md. 111; *Bryniarski v. Montgomery County*, 247 Md. 137, 143-144.

The protestants having prevailed before the Board, the applicants appealed to the Circuit Court. The protestants were all represented before the court by the same lawyer who had represented them before the Board. They did not file the demurrer or answer called for by Maryland Rule B 9 nor seek to intervene. Nevertheless, as the hearing began, Judge Turnbull, relying on *Toomey v. Gomeringer, supra* (and see *Pahl v. County Board of Appeals*, 237 Md. 294 and *Stocksdale v. Barnard*, 239 Md. 541), held as follows:

> "There is no suggestion made that any prejudice has resulted to the Applicants by reason of the failure of the Protestants formally to intervene. And I therefore hold that Mr. Taylor's [the lawyer for the protestants before the Board] appearance here this morning acts as an informal petition for leave to intervene on behalf of his clients, and I will treat the matter as if a petition had been filed and permission to intervene had been granted, and I will further treat the

matter as if a formal answer had been filed by the Protestants traversing the allegations of the petition of appeal filed by the original applicants in this case. So that that should dispose of the preliminary matter."

The appellees made no protest or objection to these rulings or their consequences. No challenge was made to the protestants' standing as aggrieved parties. After Judge Turnbull's decision in favor of the applicants, Mr. Taylor entered the following appeal:

"Mr. Clerk: Please enter an appeal in the above case to the Court of Appeals of Maryland.

Martin & Taylor
Paul Martin
A. Frederick Taylor
Attorneys for Protestants"

Mr. Taylor's clients had the right to appeal; they were parties and they were aggrieved by an unfavorable decision, *Town of Somerset v. Board*, 245 Md. 52, *Hertelendy v. Montgomery County Board of Appeals*, and *Brashears v. Lindenbaum*, both *supra*, and they did appeal.

There remain before this Court aggrieved individual appellants. Compare *Southland Hills Improvement Ass'n v. Raine*, 220 Md. 213.

*Order reversed, costs to be paid by appellees.*