# MORRIS *v.* HOWARD RESEARCH AND DEVELOPMENT CORPORATION

[No. 4, September Term, 1976.]

*Decided November 3, 1976.*

418

The cause was argued before MURPHY, C. J., and SINGLEY, SMITH, DIGGES, LEVINE and ELDRIDGE, JJ.

*Wilson K. Barnes* and *Bernard F. Goldberg* for appellant.

*George P. Barker* and *Lewis Straughn Nippard*, with whom was *Terry B. Blair* on the brief, for appellee.

DIGGES, J., delivered the opinion of the Court.

The sole question we reach in this zoning case is whether petitioner Michael S. Morris was a party to the proceedings before the Zoning Board of Howard County — in which the request of respondent Howard Research and Development Corporation (HRD) for text amendments to the zoning regulations of the county was considered and denied — and if so, what consequences flow from his failure to be furnished notice of HRD's administrative appeal to the Circuit Court for Howard County as required by the Maryland Rules.

This litigation originated in the filing by HRD of a request with the Board seeking the amendment[1] of § 17.018,

---

[1]. Howard County Code (1972) authorizes amendments of zoning regulations by the Zoning Board (§ 16.204), governs the procedure to be followed relative to amendment requests (§ 16.205), directs that there be hearings on such requests and specifies how they are to be conducted (§ 16.206), and provides for judicial review of final decisions of the Board (§ 16.207).

subsections "A" through "H" of the Howard County Zoning Regulations controlling land use density in New Town Districts, so that, together with the addition of a subsection "I", there would be a revision of the minimum and maximum density permitted in those areas.[2] At the hearing on the matter conducted by the Zoning Board on June 11, 1974, HRD supported its change request with a number of exhibits as well as with the testimony of two of its representatives. This evidence was followed by statements or testimony from nine individual citizens of Howard County indicating their support of the suggested amendments. Michael Morris, the petitioner in this Court, then testified and argued as the sole opponent of HRD's application. After weighing all the evidence presented at the hearing, as well as reports of the Planning Board and the Office of Planning and Zoning, the Zoning Board denied the request, concluding that (1) the proposed changes were not in accord with the general plan as before approved; (2) these changes would have an impact on the neighborhood school population centers as well as on public utilities and other services already planned; and (3) the evidence did not compel or support an affirmative decision.

HRD reacted to this adverse ruling by noting a timely appeal to the Circuit Court for Howard County on August 16, 1974. Section 16.207 A of the Howard County Code (1972) authorizes such actions by providing that an aggrieved party to the proceedings before the Zoning Board "may appeal to the Circuit Court for Howard County, *in accordance with the Maryland Rules of Procedure providing for appeals from administrative agencies.*"[3] (Emphasis added.) Subtitle B of

---

2. The vice-president of HRD explained at the Zoning Board hearing in this case that "basically there is [by the suggested amendments] a proposed reduction of three percent in the minimum for low density, a reduction of five percent in the minimum for medium density, an increase of two percent in the maximum for multi-family, no change in Employment Center categories, and an increase of ten percent in the open space category."

3. At the time of the trial court's decision § 16.207 B furthermore provided that:

"The court may affirm the decision of the Zoning Board or remand the case for further proceedings, or it may reverse or modify the decision if the substantial rights of the appellants may have

Chapter 1100 of the Maryland Rules governs appeals from administrative agencies when such appeals are permitted by law. Subsections c and d of Rule B 2 provide for notice when a party files an appeal to the circuit court from an administrative agency:

"c. *Service on Agency.*

The appellant shall, prior to filing an order for appeal, serve a copy thereof pursuant to Rule 306 c (Service of Pleadings and Other Papers) on the agency whose action is appealed from. A certificate of compliance with this section shall be attached to the order for appeal.

"d. *Notice to Other Parties.*

Promptly after receipt of such copy the agency shall, unless the court shall otherwise order, give written notice by mail or otherwise of the filing of the appeal to every party to the proceeding before it, or his representative. A certificate of compliance with this section shall be filed in the proceedings by the agency."

The record discloses (and in fact it is undisputed) that HRD, as mandated by Rule B2 c, caused a copy of its order for appeal to be served on the Zoning Board prior to the time the original was filed in the Circuit Court for Howard County. However, it is likewise conceded that no written notice of this appeal was given to Morris pursuant to Rule B2 d by the zoning agency or for that matter by anyone else. Without Morris being present at the court hearing or

been prejudiced because the Zoning Board's findings, inferences, conclusions, or decisions are:
  1. In violation of constitutional or charter provisions; or
  2. Beyond the statutory authority or jurisdiction of the Board; or
  3. Made upon unlawful procedure; or
  4. Fraudulent; or
  5. So grossly erroneous as to imply bad faith; or
  6. Unsupported by competent, material, and substantial evidence in view of the entire record as submitted; or
  7. Arbitrary or capricious or affected by other error or law."
We mention that § 16.207 B was repealed and reenacted with amendments effective January 9, 1976.

otherwise participating in the proceedings, the matter was considered in the circuit court on April 1, 1975, by Judge Mayfield, who — after concluding "that the testimony of the one witness opposing the approval of the petition furnished little, if any, foundation for the Zoning Board's action" — by amended order dated August 12, 1975, reversed the Board and directed it to amend the Zoning Regulations as requested by HRD.

Alleging (1) that he had never received a Rule B2 d notice of HRD's appeal and that he had only recently learned of its existence and of the circuit court's decision reversing the Board's ruling; (2) that he had actively participated as an amendment opponent in the Zoning Board hearing; and (3) that as a resident tax-paying owner of his home in Howard County, Morris, on September 2, 1975, filed a motion to intervene in these proceedings and to strike the August 12th circuit court order. To avoid what Morris termed "a possible technical question," three days later he filed a motion "to intervene as a party defendant" nunc pro tunc. HRD, by its "motion ne recipiatur and answer in opposition to motion to strike order of court" sought a dismissal of petitioner's motions on the grounds that Morris: was not a party, had not intervened pursuant to Rule 208 and had no standing to move to strike the circuit court order; was not specially damaged and therefore was without standing to challenge the circuit court order; had actual and constructive notice of both the Board's decision and the appeal to the circuit court; and was not entitled to the relief sought under the Maryland Rules of Procedure. Chief Judge James Macgill considered these three motions in the circuit court on September 9, 1975. After observing that there were no decisions of this Court on point, the judge, although recognizing that Morris had received no Rule B2 d notice of the appeal from the Board's decision, nevertheless concluded that since notification of Morris was, under this rule, the responsibility of the Board and not HRD, the motion ne recipiatur should be granted. Judge Macgill orally explained the basis for his ruling:

"I think to hold otherwise in this case and permit

Mr. Morris to intervene at this time would open the door to a dangerous situation, that is, the appellant in a zoning case or any other administrative case could never be sure whether, even where a certificate had been filed, that all parties had been notified. And he or it could not rely upon the judgment or Order of the Circuit Court which might inure to its benefit, with any degree of certainty, because at any time that the agency through its neglect had failed to notify one of the parties, the case could be re-opened."

A written order (for the reasons stated in the oral opinion and without reaching the question of standing) granting HRD's motion ne recipiatur, denying Morris' motion to strike the August 12th order of the circuit court reversing the decision of the Board, and denying Morris' motion to intervene, was signed by Judge Macgill on September 10, 1975. Morris' appeal to the Court of Special Appeals was dismissed pursuant to Maryland Rule 1035 b (1), in the words of that court's brief order, "on the ground that [he] is not a proper party and has no standing to prosecute this appeal." We granted certiorari and for reasons which follow will vacate the order of the Court of Special Appeals as well as the September 10, 1975, order of the Circuit Court for Howard County and remand the case for further proceedings.

To resolve the issue as now presented [4] we must initially determine whether Morris was a party to the Zoning Board proceedings, because, if he was not, we think it doubtful that he may enter the controversy either at the time or in the manner attempted here. On the other hand if he was such a party before the Board, Morris may have rights flowing from that status which will require further consideration.

A review of the record of the proceedings before the zoning agency convinces us that Morris, for appeal purposes under subtitle B of the Maryland Rules, was a party to the

---

4. We issued the writ of certiorari in this case to review two rather broad questions; however, we now decide the controversy in the more restrictive manner described in the first paragraph of this opinion.

Board proceedings. He was present at the hearing before the Board, testified as a witness and made statements or arguments as to why the amendments to the zoning regulations should not be approved. This is far greater participation than that previously determined sufficient to establish one as a party before an administrative agency. *See, e.g., Baxter v. Montgomery County,* 248 Md. 111, 113, 235 A. 2d 536 (1967) (per curiam) (submitting name in writing as a protestant); *Bryniarski v. Montgomery Co.,* 247 Md. 137, 143, 230 A. 2d 289, 293-94 (1967) (testifying before agency); *Hertelendy v. Montgomery Cty.,* 245 Md. 554, 567, 226 A. 2d 672, 680 (1967) (submitting into evidence letter of protest); *DuBay v. Crane,* 240 Md. 180, 184, 213 A. 2d 487, 489 (1965) (identifying self on agency record as a party to proceedings); *Brashears v. Lindenbaum,* 189 Md. 619, 628, 56 A. 2d 844, 849 (1948) (same). Bearing in mind that the format for proceedings before administrative agencies is intentionally designed to be informal so as to encourage citizen participation, we think that absent a reasonable agency or other regulation providing for a more formal method of becoming a party, anyone clearly identifying himself to the agency for the record as having an interest in the outcome of the matter being considered by that agency, thereby becomes a party to the proceedings.

Having established that Morris was a party to the administrative proceedings which resulted in a Board decision in complete accord with his expressed wishes, we now consider what his status and rights are when another party claiming to be aggrieved by that ruling seeks judicial review pursuant to Howard County Code § 16.207. In this situation we believe it clear, and therefore hold, that Morris was entitled to receive the official Rule B2 d notice of the HRD appeal and remains a party to the proceedings until he either abandons this status by failing to file in the circuit court an answer or other permissible pleading as directed by Rule B9, or is dismissed as a party by order (generated by motion to accomplish that result filed by an adverse party) or other appropriate ruling of the court.

HRD contends and Judge Macgill agreed, however, that it

should not be held responsible for the Zoning Board's failure to carry out its duty to give Morris the required notice of the appeal. In addition HRD claims it would be both unfair to it and a dangerous precedent to vacate at this time the court order reversing the Board. Even if we accept these statements as completely valid, we, nevertheless, agree with Morris' contention that it would be equally unfair to bind him by court proceedings of which he had no formal knowledge. This becomes obvious when it is realized that the entire scheme of the rules adopted by this Court for dealing with appeals from administrative agencies (and specifically by Rule B2 d) contemplates notice to, and an opportunity to be heard by, all parties to the proceedings before the agency. It is, in our opinion, no more onerous in this situation than in any other judicial proceeding to require that a party seeking relief from a court be sure that all parties he seeks to bind by the decision are properly before the court prior to the time he proceeds to obtain a final judgment against them. Accordingly, we hold that unless Morris is dismissed from the proceedings in the circuit court because of lack of standing, an issue which has not yet been litigated, he is entitled to file a pleading pursuant to Rule B9 and to be heard on the merits of HRD's appeal from the Zoning Board's decision.

Ordinarily after reaching such a conclusion we would reverse the order of the Court of Special Appeals and direct that court to reverse and remand the case to the trial court with the direction to it to vacate its order of August 12, 1975, to provide a new hearing for all parties, including Morris if he, in a specified time, files a Rule B9 pleading and, if the issue of Morris' standing is raised, to take testimony and determine that issue. In the present posture of this case, however, we believe, in the interest of judicial economy, it is more appropriate that upon remand the trial court be provided an opportunity to decide first whether Morris has the requisite standing to participate in a court review of the Board's decision. This issue may be adjudicated through a motion or other appropriate pleading filed by HRD to dismiss Morris as a party, Morris' answer thereto, and

testimony if need be on the point. If it is determined that Morris has standing to contest HRD's efforts to reverse the administrative ruling of the Board, the August 12th order should be vacated to provide Morris the right to file an answer or other pleading under Rule B9 and contest the substantive issues in this case; however, should the court rule that Morris has no standing, it should dismiss him as a party, thus leaving undisturbed the order of August 12, 1975. A similar procedure in kindred circumstances has been approved before by this Court. *See Hertelendy v. Montgomery Cty., supra,* 245 Md. at 568, 226 A. 2d at 680; *Town of Somerset v. Board,* 245 Md. 52, 63, 225 A. 2d 294, 301 (1966). In reaching this result and directing this further procedure we are not to be understood as indicating our views either on the standing issue or on the merits of the administrative appeal.

> *Order of the Court of Special Appeals reversed with direction that it vacate the order of the Circuit Court for Howard County dated September 10, 1975, and remand the case to that court for further proceedings to be conducted in accord with this opinion.*
>
> *Costs in this Court and in the Court of Special Appeals to abide the result.*