825 A.2d 388

**Paul DORSEY, et al.**

v.

**BETHEL A.M.E. CHURCH.**

**No. 58, Sept. Term, 2002.**

Court of Appeals of Maryland.

June 6, 2003.

60

62

Ann M. Lembo, Baltimore, for Petitioners.

James A. Dunbar (Jennifer M. Horn of Venable, Baetjer and Howard, LLP, on brief), Towson, for Respondent.

Argued before BELL, C.J., ELDRIDGE, RAKER, WILNER, CATHELL, HARRELL and BATTAGLIA, JJ.

ELDRIDGE, Judge.

In an administrative action for the approval of a development plan, the Board of Appeals of Baltimore County remanded the matter to the Baltimore County Hearing Officer for further proceedings. The petitioners then brought, in the Circuit Court for Baltimore County, an action for judicial review of the Board of Appeals' decision. The Circuit Court dismissed the action on the ground that there was no final administrative decision and that, therefore, the judicial review action was premature. The Court of Special Appeals ultimately dismissed the petitioners' appeal to that court on the ground that they lacked standing. The Court of Special Appeals' decision was erroneous, and we shall reverse it. The

Circuit Court's decision was correct, and we shall direct that it be affirmed.

## I.

The respondent, Bethel A.M.E. Church, owns a 255 acre parcel of land on Old Court Road in Baltimore County, and Bethel desires to build a new church building and related facilities on the land. Churches are permitted under the zoning applicable to the land, but the Baltimore County development regulations require that Bethel obtain County approval of its development plan before proceeding to construct the church building and related facilities. Bethel filed for approval of its plan, and a hearing before the designated Baltimore County Hearing Officer began on August 28, 2000, and continued over several days in September 2000. By agreement of the parties, the record remained open until the middle of October 2000 for the submission of memoranda.

On October 30, 2000, the Hearing Officer issued a twenty-five page "interlocutory" opinion and an order ruling in favor of Bethel on all issues except one, which related to the adequacy of the surrounding roads to carry the anticipated traffic volumes to and from the Bethel Church. The Hearing Officer ordered Bethel to submit additional evidence on the traffic issue at a subsequent hearing before the Officer.

The Greater Patapsco Community Association, Inc., by Rosalyn N. Roddy, the Association's President, took an appeal from the Hearing Officer's interlocutory decision to the Baltimore County Board of Appeals. The Association's "Petition In Support Of Appeal," filed with the Board of Appeals, argued, inter alia, that the Hearing Officer was not authorized to issue an " 'interlocutory' ruling" and that the Baltimore County Code required that the Hearing Officer issue a "final decision" within fifteen days of the "final hearing" or fifteen days from the time the record became closed. The hearing before the Board of Appeals consisted of oral argument on the law, with Rosalyn Roddy, the Association's President, and Kathleen Skullney, another member of the Association, argu-

ing that the Hearing Officer's decision was unauthorized, and with Bethel's attorney arguing to the contrary. Ms. Skullney also testified as to the nature of the Association, its geographical coverage, and its members. The transcript discloses that other protestants were present, and when the President offered to introduce them, the Board Chairman indicated that it would not be necessary and that, "[i]f there's ... no counsel ... here, no one is represented by counsel, just go around and they can appear."

In January 2001, the Board of Appeals filed an opinion holding that the Hearing Officer's interlocutory decision was authorized. The Board filed an order stating "that the matter is not ripe for appeal at this time" and ordering

"that this matter be and is hereby **REMANDED** to the Hearing Officer for findings in accordance with his interlocutory order. Any party then aggrieved would have the right to appeal, in full, to this Board, on all issues of the subject Development Plan."

Next, a petition was filed in the Circuit Court for Baltimore County for judicial review of the Board of Appeals' decision. The ten named plaintiffs in the petition, as amended, were the Greater Patapsco Community Association, Inc., Rosalyn Roddy who had argued before the Board of Appeals as the Association's President, Kathleen Skullney who had argued and testified before the Board of Appeals, and seven individuals who were residents of the area where the land is located and who stated that they "were parties to the County Board of Appeals of Baltimore County proceeding which is the subject of this petition."

Bethel filed in the Circuit Court a motion to dismiss the petition for judicial review on the ground that the *administrative* decision was not final and, therefore, was not ripe for judicial review. The petitioners responded by arguing that the *Board of Appeals'* decision was final, as the entire case was remanded to the Hearing Officer and there was nothing further for the Board of Appeals to do. Bethel, in reply, contended that, as a pre-condition for judicial review, it is the

*administrative* decision which must be final and not simply the *Board of Appeals'* decision. Following oral argument, the Circuit Court granted the motion to dismiss on the ground that the action for judicial review "is premature." The plaintiffs then filed a notice of appeal to the Court of Special Appeals. The notice of appeal was in the names of the Association and the individuals, and was signed by the President of the Association and by all of the other eight individuals who had signed the petition for judicial review.

In the Court of Special Appeals, the appellee-respondent Bethel, in addition to its brief defending the Circuit Court's decision, filed a motion to dismiss the appeal on the ground that the Association was the only party to the proceeding before the Board of Appeals and that the nine individuals who had signed the petition for judicial review and the notice of appeal were not parties before the Board of Appeals. According to Bethel, the Association, which was allegedly the only party to the administrative proceedings, was not a party to the judicial review action and the appeal. Bethel maintained that the individuals, because they allegedly had not been parties to the administrative proceedings, lacked standing to bring the judicial review action and to prosecute an appeal to the Court of Special Appeals.

The Court of Special Appeals on March 4, 2002, filed an opinion which it designated as "Reported." In that opinion, the intermediate appellate court held that the Association was a party throughout the proceedings, was a party to the judicial review action and the appeal to the Court of Special Appeals, and therefore had standing to maintain the appeal. Bethel's motion to dismiss was denied as to the Association. . The Court of Special Appeals' March 4th opinion, however, held that the individuals lacked standing to bring the judicial review action and maintain the appeal because, according to the appellate court, they had not been parties to the hearing before the Board of Appeals. The Court of Special Appeals granted Bethel's motion to dismiss the individuals' appeal. Finally, the March 4th opinion held that the Association was entitled to judicial review of the Board of Appeals' final

decision remanding the case, that the judgment of the Circuit Court would be reversed, and that the case would be remanded to the Circuit Court for a decision on the merits of the Association's judicial review action.

Bethel filed in the Court of Special Appeals a motion for reconsideration, asserting that the Association was not a party to the judicial review action and was not included in the notice of appeal to the Court of Special Appeals. The Court of Special Appeals, in an "Unreported" opinion filed on May 13, 2002, withdrew its opinion of March 4, 2002, held that the Association was not a party to the judicial review action or the appeal to the Court of Special Appeals, and dismissed the appeal "as to all appellants."

The appellants in the Court of Special Appeals filed in this Court a petition for a writ of certiorari which we granted. *Dorsey v. Bethel A.M.E.*, 370 Md. 268, 805 A.2d 265 (2002). As earlier indicated, we shall hold that the individual petitioners were parties before the Board of Appeals, had standing to bring the judicial review action, had standing to maintain the appeal, and are proper parties in this Court.[1] We shall further hold that the Circuit Court correctly dismissed the action as premature.

---

1. The only thing concerning parties which is not clear in this case is whether the Association is a petitioner in this Court. The Association was expressly listed as a party before the Board of Appeals, on the petition for judicial review, and on the notice of appeal. The petition for judicial review and the notice of appeal were both signed by the Association's President. The Association was clearly an appellant before the Court of Special Appeals, and the appellate court in its second opinion erred in holding otherwise. The Association, for the first time in this case, was not expressly listed as a party on the petition for a writ of certiorari. *See,* however, Maryland Rule 8–111(b). The nine individuals are petitioners in this Court and clearly have standing to challenge the decision of the Court of Special Appeals. Consequently, it is unnecessary for us to explore further the status of the Association in this Court. *See, e.g., Maryland Association of HMO's v. Cost Review*, 356 Md. 581, 589, 741 A.2d 483, 487 (1999) (" 'Where there exists a party having standing to bring an action or take an appeal, we shall not ordinarily inquire as to whether another party on the same side also has standing,' " quoting *Board v. Haberlin*, 320 Md. 399, 404, 578 A.2d 215, 217 (1990)). *See also Sugarloaf v. Department of Environment*, 344 Md. 271, 288, 686 A.2d 605, 614 (1996), and cases there cited.

II.

In dismissing the appeal on the ground that the nine individual petitioners lacked standing in the judicial review action because they were allegedly not parties before the Baltimore County Board of Appeals, the Court of Special Appeals committed several errors.

A.

First, it is clear that the individual petitioners were parties in the Circuit Court, were aggrieved by the Circuit Court's dismissal of their action, did sign a timely notice of appeal, and were properly parties-appellants in the Court of Special Appeals. As parties in the Circuit Court aggrieved by a final judgment of the Circuit Court, they were entitled to appeal to the Court of Special Appeals. *See* Maryland Code (1957, 2001 Repl.Vol., 2002 Supp.), Art. 25A, § 5(U), which provides in relevant part as follows:

"Any party to the proceeding in the circuit court [in an action to review a County Board of Appeals' decision] aggrieved by the decision of the court may appeal from the decision to the Court of Special Appeals in the same manner as provided for in civil cases." [2]

If the Court of Special Appeals' holding as to standing had been correct, namely that the individual appellants-petitioners lacked standing to maintain the judicial review action because they were not parties before the Board of Appeals, the Court of Special Appeals could have affirmed the dismissal of the judicial review action on this ground. *See Wynn v. State*, 351 Md. 307, 321, 718 A.2d 588, 595 (1998) (" 'In a direct appeal, an appellate court will affirm the trial court's decision on a ground adequately supported by the record although the ground was not relied upon by the trial court or the parties,' "

---

2. With regard to appeals in other civil cases, *see* Maryland Code (1974, 2002 Repl.Vol.), § 12–301 of the Courts and Judicial Proceedings Article. *See also* Code (1984, 1999 Repl.Vol.), § 10–223(b) of the State Government Article.

quoting *State v. Lancaster,* 332 Md. 385, 402 n. 12, 631 A.2d 453, 462 n. 12 (1993)). *See also, e.g., Insurance Commissioner v. Equitable,* 339 Md. 596, 612 n. 8, 664 A.2d 862, 870 n. 8 (1995); *Anne Arundel County v. Hartford Accident Co.,* 329 Md. 677, 691, 621 A.2d 427, 433 (1993); *Jenkins v. Karlton,* 329 Md. 510, 530, 620 A.2d 894, 904 (1993); *Paolino v. McCormick & Co.,* 314 Md. 575, 584, 552 A.2d 868, 872 (1989); *Robeson v. State,* 285 Md. 498, 502, 403 A.2d 1221, 1223 (1979), *cert. denied,* 444 U.S. 1021, 100 S.Ct. 680, 62 L.Ed.2d 654 (1980).

Or, if the Court of Special Appeals' holdings regarding standing and ripeness had been correct, the appellate court could have vacated the trial court's dismissal on the ground of prematurity and directed the trial court to dismiss the petition for lack of standing.

■■■ When, however, aggrieved parties in the trial court are entitled to appeal and prosecute a timely, proper appeal to the Court of Special Appeals, their alleged lack of standing to have instituted the action in the trial court furnishes no ground for dismissal of the appeal. If a trial court erroneously rules that the plaintiffs in an action have standing, if an appeal is taken from a final trial court judgment, and if lack of standing is properly raised in the appellate court, the appropriate appellate judgment is to reverse or vacate the trial court's judgment. *See, e.g., Ruark v. Intern. Union of Operating Engineers,* 157 Md. 576, 594–595, 146 A. 797, 804 (1929). If a trial court dismisses an action because the plaintiffs lack standing, if an appeal is timely and properly taken, and if the appellate court agrees that the plaintiffs lack standing, the appropriate appellate judgment is an affirmance of the trial court's judgment. *See, e.g., Maryland–Nat'l v. Smith,* 333 Md. 3, 633 A.2d 855 (1993); *Medical Waste v. Maryland Waste,* 327 Md. 596, 622–624, 612 A.2d 241, 254–255 (1992). Nevertheless, lack of standing to initiate an action in a trial court is not a ground for dismissal of a timely and proper appeal.

### B.

As the Court of Special Appeals correctly pointed out, the defendant-appellee Bethel failed to raise the issue of standing in the Circuit Court. The appellate court went on, however, to take the position that, "regardless of appellee's failure to raise the issue at the circuit court level, we have the authority to consider the issue of standing. . . ." No authority was cited for this proposition.

Under some circumstances, an appellate court may consider a standing issue even though it was not raised in the trial court. *See Joseph H. Munson Co. v. Secretary of State,* 294 Md. 160, 167–170, 448 A.2d 935, 939–941 (1982), *affirmed sub nom. Secretary of State of Md. v. Joseph H. Munson Co.,* 467 U.S. 947, 104 S.Ct. 2839, 81 L.Ed.2d 786 (1984). Sometimes an issue described as a "standing" issue may relate to the jurisdiction of the appellate court, such as whether the "case-or-controversy requirement" is met, and such an issue may always be noticed by the appellate court. *Secretary of State of Md. v. Joseph H. Munson, supra,* 467 U.S. at 970–971, 104 S.Ct. at 2854, 81 L.Ed.2d at 804–805 (Justice Stevens concurring).

Under the circumstances of the present case, however, the standing issue is not one which should have been raised and decided for the first time in the Court of Special Appeals. There is no jurisdictional standing issue in this case. The original petition for judicial review stated that the individual plaintiffs were parties before the Board of Appeals, and it was signed by one of the individuals. The amended petition was to the same effect, and it was signed by all nine individual plaintiffs. The administrative record was not inconsistent with this allegation. Bethel filed no response or motion in the Circuit Court contradicting these facts and asserting that the plaintiffs lacked standing because they were not parties or were not aggrieved. No standing issue, which under the circumstances would depend on factual findings, was litigated before the Circuit Court. Bethel's motion to dismiss was based entirely upon the lack of a final administrative decision,

and this is the only issue that was litigated and decided by the Circuit Court.

In light of these circumstances, the individual plaintiffs had *prima facie* standing to seek judicial review, and any dispute concerning their standing should have been raised and litigated in the Circuit Court, not the Court of Special Appeals. *See, e.g., Sugarloaf v. Department of Environment,* 344 Md. 271, 292, 686 A.2d 605, 616 (1996) (The "judicial standing issue should be adjudicated by the circuit court 'through a motion or other pleading filed by [an adverse party] to dismiss [petitioner] as a party, [petitioner's] answer thereto, and testimony if need be on the point,' " quoting *Morris v. Howard Res. & Dev. Corp.,* 278 Md. 417, 424–425, 365 A.2d 34, 38 (1976)); *Baxter v. Montgomery County,* 248 Md. 111, 113, 235 A.2d 536, 537 (1967); *Hertelendy v. Montgomery County,* 245 Md. 554, 564–568, 226 A.2d 672, 678–680 (1967); *Town of Somerset v. Montgomery County Board of Appeals,* 245 Md. 52, 63, 225 A.2d 294, 301 (1966); *Brashears v. Lindenbaum,* 189 Md. 619, 628–629, 56 A.2d 844, 849 (1948).

## C.

■ Even if it had been appropriate, under the circumstances of this case, for the Court of Special Appeals to have decided whether the individual petitioners had standing, its decision in this regard was erroneous. The intermediate appellate court held that the nine individuals lacked standing to bring the judicial review action because they were not parties before the Board of Appeals. In finding that they were not parties before the Board of Appeals, the appellate court stated that Ms. Roddy appeared before the Board only "in her capacity as President of the Association" and that Ms. Skullney's appearance "was solely in her capacity as a" member of the Association who was speaking on its behalf. The court went on to state that the remaining seven individuals "were not named in the transcript" of the Board of Appeals' hearing.

The Court of Special Appeals overlooked the liberal standards under Maryland law for party status at an administrative hearing. This Court in *Sugarloaf v. Department of Environment, supra,* 344 Md. at 286–287, 686 A.2d at 613, explained:

"The requirements for administrative standing under Maryland law are not very strict. Absent a statute or a reasonable regulation specifying criteria for administrative standing, one may become a party to an administrative proceeding rather easily. In holding that a particular individual was properly a party at an administrative hearing, Judge J. Dudley Digges for the Court in *Morris v. Howard Res. & Dev. Corp.,* 278 Md. 417, 423, 365 A.2d 34, 37 (1976), explained as follows:

'He was present at the hearing before the Board, testified as a witness and made statements or arguments as to why the amendments to the zoning regulations should not be approved. This is far greater participation than that previously determined sufficient to establish one as a party before an administrative agency. *See, e.g., Baxter v. Montgomery County,* 248 Md. 111, 113, 235 A.2d 536 (1967) (per curiam) (submitting name in writing as a protestant); *Bryniarski v. Montgomery Co.,* 247 Md. 137, 143, 230 A.2d 289, 293–94 (1967) (testifying before agency); *Hertelendy v. Montgomery Cty.,* 245 Md. 554, 567, 226 A.2d 672, 680 (1967) (submitting into evidence letter of protest); *DuBay v. Crane,* 240 Md. 180, 184, 213 A.2d 487, 489 (1965) (identifying self on agency record as a party to proceedings); *Brashears v. Lindenbaum,* 189 Md. 619, 628, 56 A.2d 844, 849 (1948) (same). Bearing in mind that the format for proceedings before administrative agencies is intentionally designed to be informal so as to encourage citizen participation, we think that absent a reasonable agency or other regulation providing for a more formal method of becoming a party, anyone clearly identifying himself to the agency for the record as having an interest in the outcome of the matter being considered

by that agency, thereby becomes a party to the proceedings.' "

And in *Maryland–Nat'l v. Smith, supra,* 333 Md. at 10, 633 A.2d at 859, we stated:

"*Morris* and other cases of this Court indicate that the threshold for establishing oneself as a party before an administrative agency is indeed low. Although we have said that one's presence at the hearing and testimony in favor of an asserted position is sufficient, *id.,* we have also said that personal appearance and testimony at the hearing are not required. *Hertelendy v. Montgomery Cty.,* 245 Md. 554, 567, 226 A.2d 672 (1967); *Largo Civic Ass'n v. Pr. Geo's Co.,* 21 Md.App. 76, 81, 318 A.2d 834 (1974). In fact, it has been held to be sufficient that the hearing examiner considered the appellant to be a party, *Northampton v. Pr. George's Co.,* 21 Md.App. 625, 633–34, 321 A.2d 204, *rev'd on other grounds,* 273 Md. 93, 327 A.2d 774 (1974), or that the appellant's name was submitted to the Board of Appeals as one who would be aggrieved by an adverse decision. *Wright v. McCubbin,* 260 Md. 11, 14, 271 A.2d 365 (1970). *See also Baxter v. Montgomery County,* 248 Md. 111, 113, 235 A.2d 536 (1967) (submitting name in writing as a protestant is sufficient); *Bryniarski v. Montgomery Co.,* 247 Md. 137, 143, 230 A.2d 289 (1967) (testifying before agency is sufficient); *DuBay v. Crane,* 240 Md. 180, 184, 213 A.2d 487 (1965) (identifying self on agency record as a party is sufficient)."

In the instant case, both Ms. Roddy and Ms. Skullney appeared before the Board of Appeals, spoke before the Board, and Ms. Skullney testified before the Board. It is true that Ms. Roddy identified herself as Chairman of the Association, and Ms. Skullney as a member of the Association's Board of Directors, and both indicated that they could speak for the Association. Nevertheless, neither the transcript of the hearing before the Board nor the Board's opinion indicates that they were speaking solely as representatives of the Association and not also as concerned individuals.

Bethel's attorney at the Board hearing unsuccessfully argued that Ms. Roddy and Ms. Skullney were not properly authorized to represent the Association, but the attorney made no argument or suggestion that the two were not parties individually or that their arguments and testimony should be stricken. Moreover, as previously mentioned, Ms. Roddy at the hearing began to introduce the other individual protestants who were present, but the Board Chairman indicated that it would not be necessary and that "they can appear."

Finally, the Board's opinion consistently referred to "protestants" and the "parties" on the protesting side, using the plural rather than the singular. If, as the Court of Special Appeals found, the Association had been the only protestant, the Board would not have used the plural.

Considering the informal nature of most administrative proceedings and the lenient standards for party status at administrative proceedings, the Court of Special Appeals erred in finding that the nine individuals were not parties before the Board of Appeals.

### III.

The statutory basis for judicial review of decisions by charter county boards of appeal is contained in Maryland Code (1957, 2001 Repl.Vol., 2002 Supp.), Art. 25A, § 5(U), which is part of the Express Powers Act for charter counties. That section provides in pertinent part as follows:

"Any person aggrieved by the decision of the board and a party to the proceeding before it may [seek judicial review in] the circuit court for the county which shall have power to affirm the decision of the board, or if such decision is not in accordance with law, to modify or reverse such decision, with or without remanding the case for rehearing as justice may require."

The above-quoted statutory language is silent on the question of the reviewability of a board of appeals' decision when there is no final administrative decision. Nevertheless, this Court has consistently held that, in the absence of a

statutory provision expressly authorizing judicial review of interlocutory administrative decisions, and in the absence of an interlocutory administrative decision with immediate legal consequences causing irreparable harm, "the parties to the controversy must ordinarily await a *final administrative decision* before resorting to the courts," *State v. State Board of Contract Appeals*, 364 Md. 446, 457, 773 A.2d 504, 510 (2001) (emphasis added). The cases regularly refer to the "administrative" or "agency" decision which must be final, and not simply the decision by a Board or unit at the top of the administrative hierarchy. *See, e.g., Board of License Comm. v. Corridor Wine*, 361 Md. 403, 418, 761 A.2d 916, 924 (2000) ("It is a general principle of Maryland Administrative law that an action for judicial review of an administrative order will lie only if the *administrative order is final,*" internal quotation marks omitted); *Montgomery County v. Broadcast Equities*, 360 Md. 438, 452, 758 A.2d 995, 1002 (2000) (Parties cannot resort to the courts "prior to a final *administrative decision*"); *Kim v. Comptroller*, 350 Md. 527, 533–534, 714 A.2d 176, 179 (1998) (Only "the final agency action . . . is subject to judicial review. Ordinarily an agency order *is not final* when it is contemplated that there is *more for the agency to do*"); *Driggs Corp. v. Md. Aviation*, 348 Md. 389, 407, 704 A.2d 433, 442 (1998) ("an action for judicial review of an administrative order will lie only if the *administrative order is final.* * * * The salutary purpose of the finality requirement is to avoid piecemeal actions in the circuit court seeking fragmented advisory opinions with respect to partial . . . agency decisions," internal quotation marks omitted); *Holiday Spas v. Montgomery County*, 315 Md. 390, 395–396, 554 A.2d 1197, 1199–1200 (1989) ("As a general rule, an action for judicial review of an administrative order will lie only if the *administrative order is final.* * * * Generally, to be final, an administrative order must also 'leav[e] nothing further for the *agency to do,*'" quoting *Md. Comm'n on Human Relations v. B.G. & E. Co.*, 296 Md. 46, 56, 459 A.2d 205, 211 (1983)) (emphasis added in all quotations).

 The Board of Appeals' decision in this case was not a final *administrative* decision, and it did not "leave nothing further for the agency to do." Accordingly, under the above-cited cases, the decision was not subject to judicial review.

Another principle of administrative law, which is related to and somewhat overlaps the finality principle, is the requirement that administrative remedies must be exhausted before bringing an action in court. *See, e.g., Furnitureland v. Comptroller,* 364 Md. 126, 133, 771 A.2d 1061, 1065 (2001) ("[W]here the Legislature has provided an administrative remedy for a particular matter or matters, there is a presumption that the Legislature intended such remedy to be primary and intended that the administrative remedy must be . . . exhausted before resort to the courts"); *Montgomery County v. Broadcast Equities, supra,* 360 Md. at 461, 758 A.2d at 1008 ("[T]he normal rule [is] that primary administrative . . . remedies must be exhausted"); *Josephson v. Annapolis,* 353 Md. 667, 674–678, 728 A.2d 690, 693–695 (1998); *Holiday v. Anne Arundel,* 349 Md. 190, 201, 707 A.2d 829, 834–835 (1998); *Zappone v. Liberty Life Insurance,* 349 Md. 45, 60–66, 706 A.2d 1060, 1067–1070 (1998); *Maryland Reclamation v. Harford County,* 342 Md. 476, 492–497, 677 A.2d 567, 575–576 (1996), and cases there cited.

 Although the Baltimore County Board of Appeals in the present case may have temporarily disposed of the proceeding before the Board, the plaintiffs-petitioners clearly had not exhausted their administrative remedies. Instead, under the Board of Appeals' order, further proceedings before the Hearing Officer were required and, upon any appeal from the hearing officer's decision, further proceedings before the Board of Appeals. There could be no exhaustion of administrative remedies until there was a Board of Appeals' decision finally approving or disapproving Bethel's development plan. Until such time, no party to the administrative proceedings was entitled to maintain a Circuit Court action for judicial review.

 Finally, under circumstances like those in the case at bar, when the highest person or unit in an administrative agency remands a case to a hearing officer in the agency, and a party files an action for judicial review challenging the remand, courts elsewhere have held that there is no final agency decision and that the action for judicial review is premature. *See, e.g., Carolina Power and Light Company v. United States Department of Labor,* 43 F.3d 912 (4th Cir. 1995); *Fieldcrest Mills, Inc. v. Occupational Safety and Health Review Commission,* 545 F.2d 1384 (4th Cir.1976).[3]

---

**3.** Courts in some jurisdictions have analogized judicial review of administrative agency decisions to appellate court review of trial court decisions, and have seemed to hold that, if a particular type of trial court decision would be appealable to an appellate court, the same type of decision by the highest unit in an administrative agency would be subject to judicial review. *See, e.g., Meredith v. Federal Mine Safety and Health Review Commission,* 177 F.3d 1042, 1050–1051 (D.C.Cir.1999).

Such analogy would not be appropriate under Maryland law. "Administrative agencies are not courts and do not exercise judicial authority." *Board of License Commissioners v. Corridor,* 361 Md. 403, 414, 761 A.2d 916, 922 (2000), citing *Shell Oil Co. v. Supervisor,* 276 Md. 36, 44–47, 343 A.2d 521, 525–528 (1975). "Moreover, circuit courts exercise [no] appellate . . . authority with regard to administrative agencies. Even though some statutes and cases improperly use the word 'appeal' to refer to actions for judicial review of adjudicatory administrative decisions, they are not appeals. Such actions are original actions in the circuit courts." *Corridor,* 361 Md. at 414–415, 761 A.2d at 922.

Under Maryland law, a decision by an adjudicatory tribunal which terminates the case in that tribunal, either by remanding the case to some other body or otherwise terminating the case in that tribunal, is a final decision. *See, e.g., Brewster v. Woodhaven Building,* 360 Md. 602, 610–615, 759 A.2d 738, 742–745 (2000), and cases there cited; *Ferrell v. Benson,* 352 Md. 2, 5–7, 720 A.2d 583, 585–586 (1998); *Montgomery County v. Revere,* 341 Md. 366, 378, 671 A.2d 1, 7 (1996); *Moore v. Pomory,* 329 Md. 428, 431, 620 A.2d 323, 325 (1993). Accordingly, a circuit court decision remanding a case to an administrative agency is a final circuit court judgment and appealable to the Court of Special Appeals. *Eastern Stainless Steel v. Nicholson,* 306 Md. 492, 501–502, 510 A.2d 248, 252–253 (1986); *Brown v. Baer,* 291 Md. 377, 385–386, 435 A.2d 96, 100–101 (1981); *Schultz v. Pritts,* 291 Md. 1, 6, 432 A.2d 1319, 1322–1323 (1981); *Department of Public Safety v. LeVan,* 288 Md. 533, 543–544, 419 A.2d 1052, 1057 (1980).

For the same reason, the Board of Appeals' decision in this case remanding the matter to the Hearing Officer was a final decision of the Board of Appeals. If the General Assembly had expressly provided in Art. 25A, § 5(U), that *any* final decision by a Board of Appeals would be

The Circuit Court correctly dismissed the judicial review action as premature.

*JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED, AND CASE REMANDED TO THAT COURT WITH INSTRUCTIONS TO AFFIRM THE JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE COUNTY. THE INDIVIDUAL PETITIONERS SHALL PAY ONE HALF OF THE COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS AND THE RESPONDENT SHALL PAY ONE HALF OF THE COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS.*

Judge RAKER concurs in Part III of the opinion and in the judgment.

subject to judicial review, the result in this case would be different. But, absent such an express provision, it is an established principle of Maryland administrative law that it is the *administrative* decision which must be final as a prerequisite for judicial review, and not simply the decision by the highest tribunal in the administrative hierarchy.