[Cite as *Higgs v. Kelly*, 2013-Ohio-940.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 98849**

---

## MICHAEL HIGGS, ASSIGNEE

PLAINTIFF-APPELLEE

vs.

## ROBERT P. KELLY, JR.

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-763688

**BEFORE:**   Celebrezze, P.J., Kilbane, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:**   March 14, 2013

**ATTORNEY FOR APPELLANT**

Mark J. VanRooy
20525 Center Ridge Road
Suite 626
Rocky River, Ohio   44116


**ATTORNEYS FOR APPELLEE**

Stephen J. Tylman
23240 Chagrin Boulevard
Suite 450
Beachwood, Ohio   44122

James S. Ruckle, Jr.
Polovy & Ruckle, L.L.C.
216 Shilling Circle
Hunt Valley, Maryland 21031

FRANK D. CELEBREZZE, JR., P.J.:

**{¶1}** Appellant, Robert P. Kelly Jr., brings the instant appeal for review of the domestication of a foreign judgment. Kelly argues that the trial court erred when it ultimately domesticated the judgment because the Maryland court where the judgment originated lacked subject-matter jurisdiction. He also argues that the assignment of the judgment from the original plaintiff in the Maryland case, Highland Management L.L.C. ("Highland"), to appellee, Michael Higgs, is invalid. After a thorough review of the record and Maryland law, we affirm.

## I.   Factual and Procedural History

**{¶2}** Kelly, an Ohio resident, contracted with Highland to remodel commercial property in Baltimore, Maryland. As a result of a dispute over an unpaid balance under the construction contract and the quality of work performed, Highland filed suit in the District Court of Maryland for Baltimore City seeking $25,000. Kelly countersued for $80,000. The case was transferred to the Circuit Court for Baltimore City and a bench trial was had. On July 18, 2011, the court found Kelly liable for $11,711.08 under the contract. Kelly did not appeal this decision. On August 23, 2011, the attorney representing Highland throughout the above action executed an assignment of Highland's interest in the judgment to Higgs.

**{¶3}** Higgs filed an action to domesticate the Maryland judgment in Ohio on September 11, 2011, in order to initiate collection proceedings against Kelly. Kelly opposed the domestication petition by filing a motion to dismiss Higgs's action on the grounds that Highland's ability to operate as a limited liability company and maintain suit against him had been forfeited in Maryland in 2008 because Highland failed to file property tax forms. Kelly also argued the assignment of the judgment was invalid because there was no evidence that Highland's attorney had authority to transfer the judgment. On November 21, 2011, the Cuyahoga County Common Pleas Court denied Kelly's motion and certified the foreign judgment. Garnishment proceedings were then initiated by Higgs on April 18, 2012.

**{¶4}** Kelly next filed a motion to vacate the judgment on May 21, 2012. There, he asserted the same jurisdictional infirmity used to originally oppose the domestication of the Maryland judgment. Higgs did not respond to the motion, and the trial court granted it as unopposed on June 5, 2012. Higgs then filed his own motion to vacate on July 5, 2012. The trial court granted Higgs's motion on August 1, 2012, reinstating the domestication of the Maryland judgment. Kelly then filed the instant appeal raising two assignments of error:

> I. The court erred in granting plaintiff/appellee's motion to domesticate foreign judgment because the Maryland trial court lacked subject matter jurisdiction over the matter thereby rendering the underlying Maryland judgment void as a matter of law and therefore subject to collateral attack in Ohio courts.
> II. The court erred in determining that the plaintiff/appellee was a proper assignee of the underlying judgment.

## II. Law and Analysis

{¶5} Kelly now claims that the Maryland court lacked subject-matter jurisdiction, rendering the judgment subject to collateral attack in the domestication proceeding below.

{¶6} Ohio has adopted the Uniform Enforcement of Foreign Judgments Act, which is intended to satisfy the Constitutional requirement that a valid judgment rendered in another state must be recognized and given "full faith and credit." R.C. 2329.027; R.C. 2329.022. However, a foreign judgment is "subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a judgment of a court of common pleas * * *." R.C. 2329.022. A judgment debtor may collaterally attack the foreign judgment in Ohio if the originating court lacked subject-matter or personal jurisdiction. *Litsinger Sign Co. v. Am. Sign Co.,* 11 Ohio St.2d 1, 227 N.E.2d 609 (1967).

{¶7} Kelly argues that the Maryland court lacked subject-matter jurisdiction because Highland lacked standing to bring an action in that court because its ability to do so ended when its status as a limited liability company was terminated by the secretary of state of Maryland when Highland failed to file and pay a required tax. However, according to Maryland law, a lack of standing to bring suit does not necessarily mean that a court lacks subject-matter jurisdiction.

{¶8} Several Maryland cases indicate that questions concerning the plaintiff's standing to maintain the action do not fall within the narrow category of issues that may be addressed by an appellate court that were not raised below. They take the position that, if the plaintiff's alleged lack of standing is not properly raised by the defendant, an

appellate court will not consider the matter.   *See Toomey v. Gomeringer*, 235 Md. 456, 460-461, 201 A.2d 842 (1964); *Costello v. Seiling*, 223 Md. 24, 29, 161 A.2d 824 (1960); *Pressman v. Baltimore*, 222 Md. 330, 334, 160 A.2d 379 (1960); *Baltimore v. N.A.A.C.P.*, 221 Md. 329, 332, 157 A.2d 433 (1960); *Pumphrey v. Pumphrey*, 11 Md.App. 287, 292-293, 273 A.2d 637 (1971).

{¶9} On the other hand, some cases seem to suggest that the standing of a plaintiff to maintain an action is an issue that an appellate court will address on its own motion. *Reyes v. Prince George's Cty.*, 281 Md. 279, 287-289, 380 A.2d 12 (1977); *Ginn v. Farley*, 43 Md.App. 229, 232, 403 A.2d 858 (1979), *cert. denied sub nom.   Engel v. Farley*, 286 Md. 747 (1979); *Balance Ltd., Inc. v. Short*, 35 Md.App. 10, 11, 368 A.2d 1116 (1977).   *See also Craig v. Boren*, 429 U.S. 190, 192-194, 97 S.Ct. 451, 50 L.Ed.2d 397 (1976).   The rationale for this view would appear to be that, if a plaintiff lacks standing, there may be no "interested parties" asserting adverse claims, and thus there may be no "justiciable controversy," which is a matter regularly noticed by appellate courts sua sponte.   *Reyes v. Prince George's Cty.* at 288; *Harford Cty. v. Schultz*, 280 Md. 77, 86, 371 A.2d 428 (1977); *Patuxent Oil Co. v. Cty. Commrs. of Anne Arundel Cty.*, 212 Md. 543, 548-549, 129 A.2d 847 (1957); *Joseph H. Munson Co. v. Secy. of State*, 294 Md. 160, 169-170, 448 A.2d 935 (1982).

{¶10} The Maryland high court noted further that,

[u]nder some circumstances, an appellate court may consider a standing issue even though it was not raised in the trial court. See *Joseph H. Munson Co. v. Secretary of State*, 294 Md. 160, 167-170, 448 A.2d 935, 939-941 (1982), affirmed sub nom. *Secretary of State of Md. v. Joseph H. Munson*

*Co.*, 467 U.S. 947, 104 S. Ct. 2839, 81 L. Ed. 2d 786 (1984). Sometimes an issue described as a "standing" issue may relate to the jurisdiction of the appellate court, such as whether the "case-or-controversy requirement" is met, and such an issue may always be noticed by the appellate court. *Secretary of State of Md. v. Joseph H. Munson*, supra, 467 U.S. at 970-971, 104 S. Ct. at 2854, 81 L. Ed. 2d at 804-805 (Justice Stevens concurring).

*Dorsey v. Bethel A.M.E. Church*, 375 Md. 59, 70, 825 A.2d 388 (2003). But where the issue of standing is a factual determination that is best made at the trial court level where a party may present evidence of standing or lack thereof, it may be inappropriate for an appellate court to engage in that analysis. *Id.* Therefore, under Maryland law, standing to sue and subject-matter jurisdiction are not one and the same. Additionally, Maryland rules of civil procedure specify that a challenge to the legal existence of a corporation or partnership must be raised as a defense in an answer or it is admitted. Md. Rule 2-323(f).

{¶11} Kelly cites to an intermediate appellate case for support. *Price v. Upper Chesapeake Health Ventures Inc.*, 192 Md.App. 695, 995 A.2d 1054 (2010). However, in that case, the standing issue was appropriately raised. Here, that is not what happened. The issue of Highland's standing to bring suit was not raised in the trial court at the proper time. Kelly did not comply with Md. Rule 2-323(f), and therefore, admitted Highland's ability to maintain suit.

{¶12} Further, it is a factual issue best determined in the trial court where evidence can be presented and an opportunity to defend an alleged lack of standing is available. Maryland case law indicates that this standing issue can be waived if not raised at the appropriate time, whereas a lack of subject-matter jurisdiction can be raised at any time.

*Dorsey* at 70. Therefore, the Maryland trial court did not lack subject-matter jurisdiction. A full trial was had, and Kelly had every opportunity to fully litigate these issues in Maryland. No jurisdictional defect affects the judgment rendered by the Maryland court, and therefore, the trial court did not err in domesticating the Maryland judgment.

{¶13} Even if Maryland law held a contrary view, appellant also had a full and fair opportunity to litigate these issues in the Cuyahoga County Common Pleas Court. He filed a "motion to dismiss" Higgs's action to domesticate the judgment. There, Kelly presented the arguments regarding subject-matter jurisdiction due to lack of standing and attacked the validity of the assignment of the judgment from Highland to Higgs. The common pleas court heard these arguments and overruled them on November 21, 2011. It domesticated the foreign judgment in the same journal entry. That order was a final order in an action after judgment. According to R.C. 2505.02(B)(2), "[a]n order is a final order that may be reviewed * * * [when it is] [a]n order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment[.]" A proceeding premised on R.C. 2329.022 is such an action. *Hinkle, Cox, Eaton, Coffield & Hensley v. Cadle Co.*, 111 Ohio App.3d 713, 716, 676 N.E.2d 1256 (11th Dist.1996).

{¶14} The denial of Kelly's motion to dismiss and domestication of the foreign judgment is an order that affects a substantial right made in a summary action after judgment. Therefore, the trial court's November 21, 2011 judgment was final and

appealable at that time. Kelly did not appeal the trial court's decision to overrule his arguments. Instead, Kelly waited six months and then filed a "motion to vacate judgment." This motion is actually a Civ.R. 60(B) motion for relief from judgment.[1] There, Kelly raised the exact arguments already heard by the common pleas court. A Civ.R. 60(B) motion cannot be used as a substitute for a timely appeal. *Tihansky v. Weston*, 8th Dist. No. 86536, 2006-Ohio-1359; *Cuyahoga Metro. Hous. Auth. v. Rabb*, 8th Dist. No. 95658, 2011-Ohio-2287, ¶ 9. That is exactly what Kelly attempted in this case. While a domesticated judgment is normally subject to vacation based on Civ.R. 60(B), *Fifth Third Bank v. Maple Leaf Expansion, Inc.*, 188 Ohio App.3d 27, 2010-Ohio-1537, 934 N.E.2d 366 (7th Dist.), ¶ 10, 14, Kelly already presented those arguments normally raised therein in his motion to dismiss. His motion to dismiss was, in essence, a motion to vacate.

{¶15} Therefore, appellant's failure to appeal from the denial of that motion means these issues were settled, and relitigation is not appropriate in a motion for relief from judgment. "A party generally may not raise issues in seeking relief from judgment under Civ.R. 60(B) that could have been raised upon appeal, and error that a timely appeal could have corrected cannot form the predicate for a motion under the rule." *The Brunner Firm Co., L.P.A. v. Bussard*, 10th Dist. No. 07AP-867, 2008-Ohio-4684, ¶ 10,

---

[1] There exists at common law a motion to vacate judgment, but that motion applies to void judgments. *Beachler v. Beachler*, 12th Dist. No. CA2006-03-007, 2007-Ohio-1220, ¶ 18. Here, Kelly asserts only that the Maryland judgment is void. The common pleas court's order domesticating the Maryland judgment is not void for want of jurisdiction or other defect, and therefore requires Kelly to satisfy one of the requirements of Civ.R. 60(B).

citing *Daroczy v. Lantz*, 10th Dist. No. 02AP-31, 2002-Ohio-5417, ¶ 34; *State ex rel. Richard v. Cuyahoga Cty. Commrs.*, 89 Ohio St.3d 205, 2000-Ohio-135, 729 N.E.2d 755.

{¶16} Kelly necessarily and fully litigated this issue in his motion to dismiss the Maryland judgment and failed to appeal the trial court order denying his motion and domesticating the judgment.[2]   Once the period for appeal passed from this final order, further litigation of the issue based solely on arguments previously raised is not appropriate under Civ.R. 60(B).   *Bussard* at ¶ 10; *Tihansky* at ¶ 8.

{¶17} In his second assignment of error, Kelly also attempts to relitigate the validity of the assignment from Highland to Higgs.   That issue was also fully litigated and is similarly barred.

{¶18} The trial court erred in granting Kelly's motion to vacate, but corrected that error when it reversed itself and granted Higgs's motion to vacate. The trial court's decision was ultimately the correct one.   Accordingly, we affirm the domestication of the Maryland judgment.

### III.   Conclusion

{¶19} Kelly now attempts to relitigate, for the fourth time, the validity of the Maryland judgment.   However, that argument was previously heard by the Cuyahoga County Common Pleas Court and rejected.   Kelly argued in his motion to dismiss that the Maryland court lacked subject-matter jurisdiction because Highland was not capable

---

[2] Civ.R. 60(B) provides an option for relief where an issue has been litigated, but new or additional evidence that was not previously available has made the judgment inequitable or otherwise unenforceable.   Civ.R. 60(B)(2).

of maintaining suit according to Maryland law. The trial court heard these arguments and overruled them. The trial court then domesticated the Maryland judgment. That was a final, appealable order. Kelly did not appeal that determination. Therefore, the matter was settled, and a motion to vacate based solely on arguments previously raised cannot be used as a substitute for a timely appeal.

{¶20} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

MARY EILEEN KILBANE, J., and
PATRICIA A. BLACKMON, J., CONCUR