527 A.2d 46

**Barbara GAETANO et al.**

v.

**CALVERT COUNTY, Maryland et al.**

**No. 31 (Adv), Sept. Term, 1987.**

Court of Appeals of Maryland.

June 30, 1987.

Thomas A. Rymer, Prince Frederick, for appellants.

Emanuel Demedis, Prince Frederick, for appellees.

Argued before MURPHY, C.J., ELDRIDGE, COLE, RODOSKY, McAULIFFE and ADKINS, JJ., and JAMES F. COUCH, Jr., Associate Judge of the Court of Appeals of Maryland (retired), Specially Assigned.

JAMES F. COUCH, Judge, Specially Assigned.

The single issue presented in this case is whether the Circuit Court for Calvert County erred in dismissing an appeal from an administrative agency for a party's failure to timely file a memorandum pursuant to Maryland Rule B12.[1] For the reasons to follow, we conclude that the sanction of dismissal was improper under the facts present here.

I

The facts are not in dispute and may be quickly set forth. On August 13, 1984, the Board of County Commissioners of Calvert County, Maryland (the "Board"), an appellee, approved the application of David Van Hoy, also an appellee, establishing a transfer zone of approximately 88 acres in Calvert County, Maryland. Feeling aggrieved by the approval of Hoy's application, the appellants—neighbors and adjacent landowners of the land comprising the transfer zone—filed an Order for Appeal and a Petition for Review

---

1. *"Rule B12. Memoranda.*

Within 30 days after being notified by the clerk of the filing of the record, the appellant shall file a memorandum setting forth a concise statement of all issues raised on appeal and argument on each issue, including citations of legal authorities and references to pages of the transcript and exhibits relied on. Within 30 days thereafter any other party desiring to be heard; including the appropriate agency when entitled by law to be a party to the appeal, shall file an answering memorandum in the same form. The appellant may file a reply memorandum within 15 days after the filing of any answering memorandum. This Rule shall not apply to appeals from the Workmen's Compensation Commission."

in the Circuit Court for Calvert County.[2] The appellants sought to have the approval reversed.

After receiving a copy of the Order and the Petition, the Board filed a timely Answer on September 26, 1984 and served a copy of the Order and Petition on Hoy. Md.Rule B2 d. To maintain his status as a party in the appeal, Hoy was required to file an Answer or some other affirmative pleading pursuant to Md.Rule B9.[3] Hoy failed to take any action within the allowable time limits and lost his party status in the appeal.

Although the Board was required to file the original or a certified copy of the record of the agency proceedings within a maximum of ninety days after receipt of the Petition, Md.Rule B7 a, b, the Board did not do so until nearly eleven months later, on August 13, 1985.

On March 7, 1986, after nineteen months of inaction, Hoy filed a Motion to Intervene in the appeal, which the circuit court granted. Subsequently, on April 9, 1986, Hoy filed a Motion to Dismiss the appeal based on the appellants' failure to file a memorandum pursuant to Md.Rule B12 within thirty days of the record having been filed. Five days later, the appellants answered the motion by filing the required memorandum.

After a brief hearing on May 12, 1986, the trial court granted the Motion to Dismiss. The court stated:

"I think that Rule B12 mandates the Appellant, absent any compelling reason, to file a brief within the time constraints as set forth in that rule. Certainly there is no justification for an eleven month delay in this case. And ... accordingly, I will grant your Motion to Dismiss."

---

**2.** The Order of Appeal was filed on September 13, 1984. The Petition for Review was filed on September 21, 1984. Both documents were filed within the time limitations mandated by Md.Rule B4.

**3.** *See State Farm Mutual Auto. Ins. Co. v. Insurance Comm'r*, 283 Md. 663, 392 A.2d 1114 (1978); *Morris v. Howard Research & Dev. Corp.*, 278 Md. 417, 365 A.2d 34 (1976).

After motions were filed to have the court clarify its holding, the circuit court held a subsequent hearing on June 9, 1986. In that hearing, the court concluded:

"Gentlemen, for the record to be straight, 9/13/84, the original Order for Appeal was filed. I am not worried about that delay. Then there was eight months before there was a Memorandum filed. That's the critical time. As I recall it, there wasn't any real rational basis, justification or excuse for the delay between 8/13 record filing and the April 14th memo filing. I think that the only appropriate sanction is, if the Rules are going to make any sense, is the dismissal. I guess for the purposes of the appeal the record is now straight."

The appellants noted an appeal from the circuit court order. We issued a writ of certiorari prior to consideration by the Court of Special Appeals. We now reverse.

## II

The appellants concede that they failed to file the required memorandum within thirty days of the filing of the record on August 13, 1985. The appellants argue, however, that dismissal of the appeal is an improper sanction for a delinquent filing. In deciding the appropriate sanction, they contend the circuit court should have balanced the purpose and importance of the rule against the circumstances of its violation. This balancing, it is urged, requires assessing whether the appellants have substantially complied with the substance of the rule and whether the appellee Hoy has been inconvenienced by the delayed filing. By failing to engage in this balancing, appellants suggest the trial court abused its discretion.

We begin with the obvious. Both parties agree that Rule B12 is a mandatory procedural rule which must be followed. *People's Counsel v. Public Service Commission*, 52 Md. App. 715, 719–20, 451 A.2d 945, 948 (1982). *See City of College Park v. Cotter*, 309 Md. 573, 588 n. 23, 525 A.2d 1059, 1066 n. 23 (1987) (citations omitted) (the term "shall" is presumed to be mandatory and "denotes an imperative

obligation inconsistent with the exercise of discretion"). However, the rule makes no mention of the particular sanction to be applied for its violation. *People's Counsel,* 52 Md.App. at 720, 451 A.2d at 948 (Rule B12 "does not specify or mandate any particular sanction for its violation"). When compared with Rule B5, it is clear that dismissal is not the *mandated* sanction for a violation of Rule B12. Rule B5 states:

"If the Appellant shall fail to file his Order for Appeal within the time prescribed by Rule B4 (Time for Filing) or any Order issued pursuant thereto, or shall fail to file his Petition within the time prescribed by section e of Rule B2 (How Appeal Taken), the Court *shall* dismiss the appeal unless cause to the contrary be shown." (emphasis added)

As the foregoing indicates, a violation of Rule B5 requires dismissal "unless cause to the contrary be shown." [4] It is significant that similar language is absent in Rule B12. Had it been intended that a particular sanction was mandated for violating Rule B12, we believe provision would have been made in the rule. A violation of Rule B5, unlike B12, clearly requires dismissal of the appeal absent good cause. Such is not the case, however, with respect to Rule B12. As we said very recently in *In re: Keith W.,* 310 Md. 99, 104, 527 A.2d 35, 37 (1987), a statute or rule may be mandatory and yet not require dismissal as a sanction for failure to comply with its provisions. *See State v. One 1980 Harley Davidson Motorcycle,* 303 Md. 154, 160–62, 492 A.2d 896, 899–900 (1985); *State v. Werkheiser,* 299 Md. 529, 533, 538–39, 474 A.2d 898, 900, 903–04 (1984); *In re: Dewayne H.,* 290 Md. 401, 405, 430 A.2d 76, 79 (1981); *State v. Hicks,* 285 Md. 310, 335, 403 A.2d 356, 369 (1979).

Our cases direct that we look to the purpose of the rule or statute in light of the circumstances of its violation to

---

**4.** The term "cause" as used in the rule means "good cause." *Francois v. Alberti Van & Storage Co.,* 285 Md. 663, 672–73, 404 A.2d 1058, 1063 (1979).

determine the appropriate sanction for a violation of its provisions. *See Keith W.,* 310 Md. at 104, 527 A.2d at 37; *Werkheiser,* 299 Md. at 533, 474 A.2d at 902–3; *Dewayne H.,* 290 Md. at 405, 430 A.2d at 79; *In re: James S.,* 286 Md. 702, 710–13, 410 A.2d 586, 590–91 (1980); *Resetar v. State Board of Education,* 284 Md. 537, 547, 399 A.2d 225, 230, *cert. denied,* 444 U.S. 838, 100 S.Ct. 74, 62 L.Ed.2d 49 (1979); *Maryland State Bar Association v. Frank,* 272 Md. 528, 533, 325 A.2d 718, 721 (1974); *King v. State,* 55 Md.App. 672, 679, 466 A.2d 1292, 1296 (1983), *aff'd,* 300 Md. 218, 477 A.2d 768 (1984); *People's Counsel,* 52 Md.App. at 720, 451 A.2d at 948 (1982); *Harvey v. State,* 51 Md.App. 113, 116, 441 A.2d 1094, 1097, *cert. denied,* 293 Md. 616 (1982). Md. Rule 1–201(a), which controls here, states that "[w]hen a rule, by the word 'shall' or otherwise, mandates or prohibits conduct,.... [and] no consequences are prescribed [for noncompliance therewith], the court may compel compliance with the rule or may determine the consequences of the noncompliance in light of the totality of the circumstances and the purpose of the rule." In our view, the trial court's failure to make this assessment before adopting the drastic sanction of dismissal constituted an abuse of discretion.[5]

The purpose of Rule B12 is to inform the opposing parties and the trial court of the issues involved in the case, and the appellants' arguments on appeal, in sufficient time for the opposition to respond in kind and for the court to make an informed decision. As we see it, in the circumstances of this case the appellants' late filing of their memorandum did not undermine this purpose one whit.

■ The record indicates that on April 3, 1986 a non-jury trial on the merits of the appeal was scheduled for July 22, 1986, some three months after the appellants filed their

---

5. Of course, the trial court could not "compel compliance with the rule" because, by the time of the hearing on the motion to dismiss, the appellants had already filed the required memorandum pursuant to Rule B12.

Rule B12 memorandum (April 14, 1986). Clearly, the appellees were given adequate time to become informed of the issues and the appellants' arguments as well as to prepare a response to the memorandum. *See* Rule B12 (giving appellees thirty days from receipt of appellants' memorandum to file an answering memorandum).[6] We simply do not see any prejudice to either appellee in this case caused by the delayed filing.[7] *See In re: Darryl D.*, 308 Md. 475, 483, 520 A.2d 712, 716 (1987). This is especially true for appellee Hoy who only became an intervening party to the appeal less than three weeks before the filing of appellants' memorandum. We think it is poor grace for Hoy to be arguing now for strict compliance with Rule B12 when early on his lack of concern about moving the matter forward (i.e., failing to file an Answer or some other affirmative pleading pursuant to Rule B9) resulted in the loss of his original party status.[8]

█ In sum, the trial judge in this case used the wrong standard for determining whether to grant the appellee's motion to dismiss. In determining whether dismissal is an appropriate sanction for failing to comply with Rule B12, a trial judge should examine "the consequences of the noncompliance in light of the totality of the circumstances and the purpose of the rule." Md.Rule 1–201. Of course, because Rule B12 is mandatory, we do not rule out the possibility that dismissal in another case may be the appropriate sanction. All we decide today is that this is not such a case. In our view, the trial judge abused his discretion in

---

**6.** Likewise, we believe the appellants' memorandum was filed in plenty of time to aid the trial court in making an informed decision on the merits of the appeal.

**7.** Certainly, if the Board wanted to move things along, it could have requested the trial court to compel production of the Rule B12 memorandum. *See* Md.Rule 1–201. It never took that action.

**8.** The Board was also not as diligent as it could have been, having filed the record some eight months late.

dismissing the appeal. Accordingly, the Order of the Circuit Court for Calvert County is reversed.

ORDER REVERSED. CASE REMANDED TO THE CIRCUIT COURT FOR CALVERT COUNTY FOR FURTHER PROCEEDINGS.

COSTS TO BE PAID BY APPELLEES.