989 A.2d 1170

Dedra BILLINGS, et al.

v.

COUNTY COUNCIL OF PRINCE GEORGE'S COUNTY,
Maryland sitting as the District Council, et al.

No. 2206 Sept.Term, 2008.

Court of Special Appeals of Maryland.

Feb. 26, 2010.

Michael M. Hethmon, Upper Marlboro, MD, for Appellants.

Steven M. Gilbert, Principal Counsel, Upper Marlboro, MD, for Appellees.

Panel: SALMON,* ZARNOCH, and IRMA S. RAKER (Specially Assigned), JJ.

SALMON, Judge.

The appellants in this zoning case are Dedra Billings, David B. Johnson, Michelle Coffee, Cheryl Corson, and Friends of Croom Civic Association. The appellees are the County Council of Prince George's County, Maryland, sitting as the District Council (hereafter, "the District Council") and Eastern Petroleum Corporation ("Eastern Petroleum").

Maryland Code (2003 Repl.Vol.) Article 28 § 8–106(e) reads:

(e) *Appeals authorized.*—In Prince George's County, any incorporated municipality located in Prince George's County, any person or taxpayer in Prince George's County, any civic or homeowners association representing property owners affected by a *final district council decision,* and, if aggrieved, the applicant may have judicial review of *any final decision* of the district council. Proceedings for review shall be instituted by filing a petition in the Circuit Court of Prince George's County within 30 days after service of the final decision of the district council, which may be served upon all persons of record at the district council's hearing. Copies of the petition shall be served on the district council and all other persons of record in the manner provided by the rules of court. The filing of the petition does not stay enforcement of the district council's decision; but the district council may do so, or the reviewing court may order a stay upon terms it deems proper.

(Emphasis added.)

Several questions are presented in this appeal, but one of them is novel, viz: When the District Council, after first

---

* James P. Salmon, J., participated in the hearing and conference of this case while an active member of this Court; he participated in the adoption of this opinion as a specially assigned member of this Court.

having notified the parties that it had elected to make the final decision in a zoning matter, but then withdraws its election to make the final decision, does the District Council's withdrawal of its election amount to a "final decision" within the meaning of section 8–106(e)? Appellants contend that a final decision, within the contemplation of section 8–106(e), was made in this case because the District Council's action left them with no further recourse before that administrative agency. Appellees, on the other hand, contend that a "final decision," as that term is used in section 8–106(e), was not made by the District Council when it withdrew its election. According to appellees, a "final decision" is:

> an action—quasi-legislative, *see County Council v. Carl M. Freeman Associates*, 281 Md. 70, 376 A.2d 860 (1977), quasi-judicial, *see Cox v. Prince George's County*, 86 Md.App. 179, 586 A.2d 43 (1991), including a special exception action, e.g., *County Council v. E.L.Gardner, Inc.*, 293 Md. 259, 443 A.2d 114 (1982), *Entzian v. Prince George's County*, 32 Md.App. 256, 360 A.2d 6 (1976)—that comes to a conclusive result for or against a property owner.

The Circuit Court for Prince George's County agreed with appellees and dismissed appellants' petition for judicial review on grounds, among others, that the court, under section 8–106(e) of Article 28, had no jurisdiction to consider appellants' petition for judicial review. For reasons set forth below we shall reverse the judgment entered in the circuit court that dismissed appellants' petition for judicial review.

## I.

Eastern Petroleum owns approximately 13 acres of land on the east side of Maryland Route 301 in Prince George's County. The zoning actions here at issue involve 2.98 acres of the 13 acre parcel. The 2.98 acre parcel is located approximately 289 feet south of the intersection of Croom Road and Route 301. That parcel is zoned C–S–C (Commercial Shopping Center) and is presently improved by a gas station with

two pump islands and a food and beverage store. The existing gas station constitutes a certified non-conforming use.

Eastern Petroleum intends to expand the food and beverage store, modernize the gas station and add a car wash. More specifically, it wants

... to operate an eight (8) Multi Product Dispenser ("MPDs") Gas Station with 16 fueling positions, under the BP logo. It will operate in conjunction with a 4,224 square foot Food and Beverage Store (t/a "BP Connect") that is permitted by right in the C–S–C Zone. Applicant also wishes to construct a diesel fuel dispenser, a stucco canopy, and a 1,300 square foot rollover automated Car Wash. 31 parking spaces are required for the uses and 34 are provided.

To expand the gas station and to operate the car wash, Eastern Petroleum needed a special exception, which could be granted only if the requirements of Section 27–317 and 27–358 of the Prince George's County zoning ordinance were satisfied. Eastern Petroleum also needed the approval of the Prince George's County Planning Board ("the Board") in order to allow it to depart from Design Standards ("DDS") because the access drive to one of the loading spaces is only twenty-nine (29) feet from residentially zoned property and Prince George's County zoning code section 27–579(b) requires that such an access drive be located at least fifty (50) feet away from any residential zone. Accordingly, Eastern Petroleum filed with the Prince George's County Planning Board a Design departure request of twenty-one (21) feet. The Board filed this request as "DDS 564."

DDS–564 was considered by the Board at a public hearing held on May 3, 2007. On May 31, 2007, the Board recommended approval of DDS–564. On June 5, 2007, the Board notified all interested persons of record of the Board's actions. The Board further advised those interested parties, in a letter dated June 5, 2007, as follows:

This is to advise you that on May 31, 2007 the above-referenced application was acted upon by the Prince

George's County Planning Board in accordance with the attached Resolution.

The Planning Board's decision will become final on July 5, 2007 (31 days after the date of this letter) unless:

1. Prior to this date, a written appeal is filed with the District Council for Prince George's County by any person of record; or

2. *Prior to this date, the District Council decides on its own motion, to review the Planning Board's decision.*

(Emphasis added.)

The appellants did not file an appeal to the District Council concerning the Planning Board's actions in DDS–564 but, on June 21, 2007, the Clerk of the District Council sent out a notice to all persons of record. That notice read, in pertinent part, as follows:

RE: DDS 564 BP Amoco Station (U.S. 301)

(Companion Case: SE 4549—Pending Zoning Hearing Examiner's Decision)

On June 18, 2007, the County Council sitting as the District council elected to review the above referenced case. *A notice of hearing will be sent to all parties of record thirty days prior to the hearing date.*

(Emphasis added.)

Meanwhile, during the period that DDS–564 was pending before the Planning Board, Eastern Petroleum's request for a Special Exception (hereafter "SE–4549") to use 2.98 acres for a gasoline station and car wash was considered by Maurene Epps–Webb, a Prince George's County Zoning Hearing Examiner ("ZHE"). The ZHE held a public hearing to consider SE–4549 on May 2, 2007, and on September 4, 2007, filed a decision approving SE–4549, albeit with certain conditions attached. In an undated letter sent to all interested parties, the ZHE notified them of her decision and that the decision had been filed with the District Council on September 4, 2007, and "shall become final unless: 1) written appeal within thirty days of the above date is filed with the District Council by any

person of record or by the peoples Zoning Council; or 2) *the District Council directs the case be transmitted to the Council for final disposition by the Council."* (Emphasis added).

On September 28, 2007, the Clerk of the District Council sent out a notice concerning SE–4549 that read, in relevant part, as follows:

On September 24, 2007, the County Council sitting as the District Council elected to make the final decision on the above referenced case. Should a hearing be scheduled, a notice of hearing will be sent to all parties of record thirty days prior to the hearing date.

The District Council never held a hearing in regard to either DDS–564 or SE–4549. Instead, on October 31, 2007, the District Council sent out two documents that were both titled: "NOTICE OF DISTRICT COUNCIL ACTION WITHDRAWING ELECTION TO MAKE FINAL DECISION."

In the Special Exception case the notice read:

On October 22, 2007, the District Council withdrew the election to make final decision on the above referenced case. Therefore, the Zoning Hearing Examiner's decision for Approval, with conditions is final.

The notice filed in DDS–564 was worded as follows:

On June 18, 2007, the District Council elected to review the above referenced case. On October 22, 12007, the district Council withdrew the election to review the above referenced case. Therefore, the Planning Board's decision of approval stands final.

Within thirty (30) days of the date of the aforementioned notices, the appellants filed, in the Circuit Court for Prince George's County, a petition for judicial review of the District Council's actions in regard to SE–4549 and DDS–564.

The District Council and Eastern Petroleum filed motions to dismiss the petition. The appellees took the position that the circuit court did not have jurisdiction to consider the petition because no "final decision" within the contemplation of Article

28, § 8–106(e) had been made. In a closely related argument, appellees contended that appellants had failed to exhaust all available administrative remedies because they never filed an appeal to the District Council concerning either the Planning Board's decision in DDS–564 or the ZHE's decision in SE–4549.

In addition to the arguments already mentioned, Eastern Petroleum, citing Md. Rule 7–207(a), filed a motion to strike appellants' July 1, 2008 memorandum of law; movant contended that appellants had filed their memorandum "almost three months after they were required to" do so.

On October 3, 2008, the circuit court held a hearing to consider Eastern Petroleum's motion to dismiss appellants' petition for judicial review along with its motion to strike appellants' memorandum of law. The court, on October 7, 2008, signed an order that read, in relevant part, as follows:

> Upon consideration of Respondent, Eastern Petroleum Corporation's, Motion to Strike and Motion to Dismiss, Petitioners' Opposition thereto, and the oral arguments held on October 3, 2008, it is this 7th day of October, 2008, by the Circuit Court for Prince George's County, Maryland,
>
> **ORDERED** that Respondent, Eastern Petroleum Corporation's, Motion to Strike be, and the same is hereby, **GRANTED;**
>
> **ORDERED** that Petitioners' Memorandum filed on July 1, 2008 be, and the same is hereby, **STRICKEN;**
>
> **ORDERED** that Respondent, Eastern Petroleum Corporation's Motion to Dismiss Petitioners' Petition for Judicial Review be, and the same is hereby, **GRANTED;**
>
> **ORDERED** that this Court lacks subject matter jurisdiction in this matter and pursuant to Maryland Rule 2–324(b), Petitioners' Petition for Judicial Review shall be, and the same is hereby, **DISMISSED** with prejudice;
>
> **ORDERED** that this case be closed statistically.

This timely appeal followed.

## ISSUE I.

**Did the District Council Take Final Action In Regard To DDS–564 And SE–4549, When It Withdrew Its Election To Make The Final Decision In Both SE4549 and DDS–564?**

Before addressing, directly, the issue of whether a final decision was reached within the meaning of Article 28, section 8–106(e), it is useful to discuss whether the District Council had the right to first tell all interested parties that it would make the final decision in these matters and thereafter, without explanation, reverse its position and announce that it would not make the final decision. This issue is important because, as shown by the facts in the subject case, if the District Council is allowed to change its position in this manner, there is a great potential that interested parties could be lulled into a belief that a contemplated appeal was not needed inasmuch as the District Council had elected to decide the matter.

Section 27–312(a)(2)(c) of the Prince George's County Ordinance provides, in pertinent part:

(2) The Zoning Hearing Examiner's decision on an application for Special Exception shall be final thirty (30) days after filing the written decision, *except:* ... (C) In any case where within thirty days after receipt of the Zoning Hearing Examiner's decision, the district council, upon its own motion and by a majority vote of the full Council, *elects to make the final decision on the case itself.* ...

(Emphasis added.)

As mentioned earlier, within thirty (30) days of the ZHE's decision regarding SE–4549 the District Council elected to make the final decision in regard to that special exception request. Under the plain language of section 27–312(a)(2)(C), the ZHE's decision in regard to the Special Exception was no longer final once the District Council announced that it would make the final decision.

■ The pertinent provisions of the Prince George's County Zoning Ordinance did not mandate that the District Council hold a hearing concerning SE–4549, but, as will be shown, *infra,* once it made the election to review the decision of the ZHE it was required to exercise original jurisdiction over the matter and, do one of four things: 1) approve the Special Exception, 2) approve the Special Exception with conditions, 3) remand to the ZHE, or 4) deny the application for Special Exception. Our conclusion in this matter is based on section 27–312(f) of the Prince George's Zoning Ordinance, which reads:

**Jurisdiction.**

(1) In deciding an appeal to the District Council, or Council election to review a decision made by the Zoning Hearing Examiner or the Planning Board, the Council shall exercise original jurisdiction.

(2) For any appeal or review of a decision made by the Zoning Hearing Examiner or the Planning Board, the Council may, based on the record, approve, approve with conditions, remand, or deny the application.

Section 27–141 of the Prince George's County Zoning Ordinance reads as follows:

**Based on Record.**

The final decision in any zoning case shall be based only on the evidence in the record, and shall be supported by *specific written findings of basic facts and conclusions.* In addition, the Council may take judicial notice of any evidence contained in the record of any earlier phase of the approval process relating to all or a portion of the same property, including the approval of a preliminary plat of subdivision.

(Emphasis added.)

The District Council, once it made its election to review the decision of the Zoning Hearing Examiner, did not comply with section 27–141 because it did not make any "specific written findings of basic facts and conclusions." In regard to the special exception, it is therefore clear that the District Council

did not have the right to first elect to review the decision of the ZHE and thereby assume original jurisdiction, then reverse course and, without making written findings of basic facts and conclusions, simply decide not to make the final decision.

■ What we have just said with respect to the District Council's action in regard to the special exception request is equally applicable to its handling of DDS–564. In regard to DDS–564, the District Council was required to exercise original jurisdiction over that appeal once it notified the parties that it had elected to review the Planning Board's decision. And, as with the special exceptions, the District Council was required, based on the record, to either: 1) approve the DDS, 2) approve the DDS with conditions, 3) remand the DDS matter to the ZHE, or 4) deny the application for a DDS. Additionally, the District Council was also required to hold a hearing on the request to deviate from the design standard. All this is made clear by Section 27–239.01(b)(9)(C)–(E) of the Prince George's County Zoning Ordinance, which provides:

> (C) The District Council shall schedule a public hearing on the ... review. The hearing shall be held in accordance with Section 27–132 (District Council hearing procedures). (D) Within sixty (60) days after the close of the Council's hearing, the Council shall affirm, reverse, modify the decision of the Planning Board, or return the proposed departure to the Planning Board to take further testimony or reconsider its decision. (E) The Council shall give its decision in writing stating the reasons for its action. Copies of the decision shall be sent to all persons of record and the Planning Board.

In the subject case, the District Council did not, as it was required to do, hold a hearing nor did it affirm, reverse or modify the decision of the Planning Board or return the matter to the Planning Board to take further testimony or to reconsider its decision. Moreover, the Council never produced a decision in writing setting forth its reasons for its actions. It is therefore crystal clear that the District Council

did not follow the dictates of section 27–239.01(b)(9)(C)–(E), when it decided not to review the Planning Board's decision in DDS–564 after previously voting to do so.

For the above reasons, we agree with appellants' contention that the District Council acted illegally when it failed to render a decision after it had elected to exercise original jurisdiction in SE–4549 and DDS–564.

■ We turn next to discuss the District Council's contention that no "final decision" within the meaning of Article 28, section 8–106(e) was ever made by it regarding either SE–4549 or DDS–564. According to the District Council, a "final decision" is reached only if the District Council "comes to a conclusive result for or against a property owner." Neither the District Council or its co-appellee, Eastern Petroleum, cite any authority for that position, and we have found none.

It is true, of course, that petitions for judicial review are usually made from decisions of the District Council that reach a "conclusive result for or against a property owner." That usual result is due to the fact that ordinarily the District Council follows the requirement of the Zoning Ordinance and files a written decision on the merits. The fact that what usually happens did not happen here does not narrow the meaning of the term "final decision" as appellees claim. Relatively recently, in *Maryland–National Capital Park and Planning Commission v. Anderson*, 395 Md. 172, 188, 909 A.2d 694 (2006), the Court of Appeals, (quoting *Maryland Commission on Human Relations v. Baltimore Gas and Electric Co.*, 296 Md. 46, 56, 459 A.2d 205 (1983)) said:

With regard to the finality of an administrative agency decision, we have previously stated that:

ordinarily[,] the action of an administrative agency, like the order of a court, is final if it determines or concludes the rights of the parties, or if it denies the parties means of further prosecuting or defending their rights and interests in the subject matter in proceedings before the agency, thus leaving nothing further for the agency to do.

Earlier, in *Dorsey v. Bethel. A.M.E.*, 375 Md. 59, 825 A.2d 388, (2003), the Court of Appeals said that "a decision by an adjudicatory tribunal which terminates the case *in that tribunal,* either by remanding the case to some other body or otherwise terminating the case in that tribunal, is a final decision." *Id.* at 77, n. 3, 825 A.2d 388 (emphasis added). Nothing in the legislative history of section 8–106(e) of Article 28 suggests that the General Assembly intended the words "final decision," to have anything other than their ordinary meaning. Because the District Council denied the appellants "means of further prosecuting or defending their rights and interest in the subject matter in proceedings before the . . . [District Council], thus leaving nothing further for the [District Council] to do," a final decision was reached. *Maryland Commission on Human Relations, supra,* 296 Md. at 56, 459 A.2d 205.

■■■■ As an alternative argument, appellees contend that the Circuit Court for Prince George's County acted appropriately in dismissing appellants' petition for judicial review because (purportedly) appellants did not exhaust their administrative remedies. In support of that argument, appellees point out, correctly, that it is a fundamental principle of Maryland law "that a party may not challenge the legality of administrative regulations or administrative actions without first exhausting available administrative remedies." (Quoting, *Moose v. F.O.P. Lodge 35, Inc.,* 369 Md. 476, 486–89, 800 A.2d 790 (2002)). Appellees point out that in both SE–4549 and DDS–564, the appellants could have, but did not, file an appeal to the District Council concerning the actions of, respectively, the Zoning Hearing Examiner and the Planning Board. According to appellees, it was necessary for appellants to file an appeal even though appellants had been unequivocally notified that the District Council would review, on its own initiative, the decisions in both DDS–564 and SE–4549. We reject this alternate argument because it overlooks the fact that section 27–132(f) of the Prince George's County Zoning Code provides that, "in deciding an appeal to the District Council, or the Council's election to review a decision made by the Zoning

Hearing Examiner or the Planning Board, the Council *shall* exercise original jurisdiction." (Emphasis added). Thus, commencing on June 18, 2007, in "DDS–564" and September 24, 2007, in "SE–4549," the District Council was obligated to exercise original jurisdiction in those matters. Once the District Council assumed original jurisdiction, appellants were not obligated to file an appeal to the District Council and request review. In other words, when the District Council assumed original jurisdiction, appellants had a right to assume that the District Council would fulfill its statutory obligations, including its obligation to review the actions of the ZHE and the Planning Board and to produce a written decision explaining the reasons for its decision. Therefore, the circuit court erred when it held that appellants had failed to exhaust their administrative remedies.

Thus far we have agreed with appellants' positions; we disagree, however, with portions of appellants argument as set forth in their reply brief. Appellants argue:

> Once a zoning decision is forwarded to the District Council for review, the application shall be considered to have been denied if the Council has not made its decision finally disposing of the application within 60 days, in the case of a special exception approval, or with 120 days, in the case of a departure from design standards request. . . . (citing Prince George's County Zoning Ordinance, § 27–132(d)).

Section 27–132(d) of the Prince George's County Zoning Ordinance reads:

(d) **Time limits on final action.**

(1) A motion for final action in any zoning matter before the District Council which fails to obtain the required majority shall be set aside, and it or any other motion for final action may be subsequently considered within the following time periods:

(A) In a zoning case not finally decided by the Zoning Examiner, the Council shall make its decision finally disposing of the application within one hundred twenty (120) days after the Zoning Hearing Examiner files his decision with

the Clerk of the Council, or within one hundred fifty (150) days if oral argument is requested.

(B) In any other zoning matter (except Zoning Ordinance text amendments), the District Council shall make its decision finally disposing of the application within sixty (60) days after it first considers the matter, unless otherwise provided.

(C) The District Council may take final action in any zoning case immediately after the Zoning Hearing Examiner's decision has been filed, if all persons of record and the People's Zoning Counsel waive (in writing) their rights to file exceptions and request oral argument as provided for in Section 27–131(a)(1)(B) or (C).

(2) If the District Council fails to render a final decision in accordance with the time limit and voting requirements of this Section, the application shall be considered to have been denied, unless otherwise specified in this Subtitle. This shall not be applicable to the adoption of text amendments.

Appellant goes on to assert, based on the section of the Zoning Ordinance just quoted, that we should remand the case to the Circuit Court for Prince George's County with instructions to that court to sign an order (on grounds that the District Council did not take timely action) directing the District Council to deny both Eastern Petroleum's request for a Special Exception and its request for a departure from certain design standards.

■ Appellants assert that SE–4549 was denied by operation of Prince George's County Zoning Ordinance 27–132(d) sixty (60) days after September 24, 2007, which was the date the ZHE filed her decision with the clerk of the District Council. Appellants' timeliness argument has no merit. As explained, *supra*, the District Council did make a final decision in this case-albeit an illegal one-on October 31, 2007. That illegal final decision, however, was, as far as the record shows, made "in accordance with the time limits and voting requirements" of section 27–132. Sixty (60) days from the date the ZHE filed her decision with the Clerk of the District Council

had not expired when, on October 31, 2007, the District Council made its illegal final decision.

■ Appellants' argument in regard to DDS–564 is that it was denied "by operation of law 120 days after ... [October 31, 2007], or approximately on March 2, 2008...." The time limit for action by the District Council in the departure from Design Standard cases is not set forth in section 27–132(d) as appellants contend, but in section 27–239.01(b)(9)(D), which provides that the District Council shall "affirm, reverse, or modify the decision of the Planning Board, or return the proposed departure to the Planning Board to take further testimony or reconsider its decision" within sixty (60) days "after the close of the Council's hearing." In the subject case no District Council hearing was held in regard to DDS–564, although a public hearing was required. *See* section 27–239–01(b)(9)(C). Because no hearing was ever held, the sixty (60) day clock never began to run.

For the reasons set forth above, appellants are not entitled to an order remanding the case to the circuit court with instructions to the District Council to deny the special exception or the request for a departure from design standards.

## B.   Other Matters

■ Although the circuit court dismissed appellants' petition for judicial review on the grounds that the court had no subject matter jurisdiction, the court also granted a motion filed by Eastern Petroleum to strike the appellants' memorandum of law on the grounds that: 1) the memorandum was filed late and 2) Eastern Petroleum suffered prejudice as a consequence of the late filing.

Maryland Rule 7–207(a) provides that "[w]ithin 30 days after the clerk sends notice of the filing of the record, a petitioner shall file a memorandum setting forth a concise statement of the question presented for review, a statement of facts material to those questions, and argument on each question, including citations of authority and references to pages of the record and other exhibits relied on."

In the case *sub judice,* appellants' memorandum was due on April 4, 2008, but was not filed until June 30, 2008, which was almost three (3) months late. Nevertheless, the memorandum was filed ninety-five (95) days before the date the hearing on the dismissal motion was held.

Maryland Rule 7–207(d) provides:

(D) **Sanctions for late filing of memoranda.** If a petitioner fails to file a memorandum within the time prescribed by this Rule, the court may dismiss the action if it finds that the failure to file or the late filing caused prejudice to the moving party. A person who has filed a response but who fails to file an answering memorandum within the time prescribed by this Rule may not present argument except with the permission of the court.

In the circuit court, all parties were in agreement that appellant's memorandum was filed late. They disagreed, however, whether Eastern Petroleum was prejudiced by the late filing of the memorandum.

In regard to the issue of prejudice, the motions judge said:

The issue of prejudice is addressed in case law applying Maryland's former Rule B–12 which was a predecessor to Maryland Rule 7–207. And you have to look at the factors that would mitigate for finding the prejudice.

The purpose of Rule 2–707 is to inform the opposing parties and the trial court of the issues involved in the case and the appellants' arguments on appeal in sufficient time for the opposition to respond in kind and for the court to make an informed decision and that's from the . . . [*Gaetano v.*] Calvert County case, . . . 310 Maryland 121 at Page 126[, 527 A.2d 46]. That's a 1987 case.

In [*Gaetano*] the court found that where a memorandum filed three months before the bench trial provided adequate time for the respondents to become informed of the issues and to prepare a response.

Here the petitioners' memorandum was filed 95 days before oral arguments. One distinction between the cases is that in [*Gaetano*] they filed their memorandum five days

after the filing of the motion to dismiss for failure to file a memorandum.

* * *

As these cases move through the system, there really truly is a problem in the economic sense where changing business conditions certainly would prejudice a business trying to expand as it is in this case, by failure to comply with these very strict and sometimes difficult rules to navigate.

We hold that the motions judge erred when he found that Eastern Petroleum was prejudiced by the late filing of the memorandum. Nothing in the record supports the judge's conclusion that "changing business conditions" prejudiced Eastern Petroleum, who was trying to expand its business. Article 28, section 8–106(e) states explicitly that the filing of a petition for judicial review "does not stay enforcement of the district council's decision." Thus, nothing appellants did required Eastern Petroleum to delay its plans to expand its business. Moreover, the purpose of Md. Rule 7–207(a) was fulfilled in this case because ninety-five (95) days was an adequate period for Eastern Petroleum to respond to appellants' memorandum and for the court to make an informed decision as to the issues presented.

### C. Conclusion.

The above captioned case shall be remanded to the Circuit Court for Prince George's County, Maryland, with instructions to that court to remand the case to the District Council. Once remanded, the District Council should fulfill its duty to decide DDS–564 and SE–4549 in accordance with the applicable sections of the Prince George's County Zoning Ordinance.

**JUDGMENT REVERSED; CASE REMANDED TO THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY WITH INSTRUCTIONS TO REMAND SE–5459 AND DDS–564 TO THE DISTRICT COUNCIL FOR FURTHER PROCEEDINGS IN ACCORDANCE WITH THE VIEWS EXPRESSED IN THIS DECISION; COSTS TO BE PAID**

■■■■■■■■■■■■■■■■■■■■■■■■

**FIFTY–PERCENT (50%) BY EASTERN PETROLEUM CORPORATION AND FIFTY–PERCENT (50%) BY THE COUNTY COUNCIL OF PRINCE GEORGE'S COUNTY, MARYLAND, SITTING AS THE DISTRICT COUNCIL.**