37 A.3d 1045

**Russell SWATEK**

v.

**BOARD OF ELECTIONS OF HOWARD COUNTY.**

**No. 1557, Sept. Term, 2010.**

Court of Special Appeals of Maryland.

Feb. 9, 2012.

Kevin M. Joyce (Joyce & Associates, LLC, on the brief), Stevensville, MD, for Appellant.

Michael S. Molinaro (Carney, Kelehen, Bresler, Bennett & Scherr, LLP, on the brief), Columbia, MD, for Appellee.

Panel: KRAUSER, C.J., GRAEFF, and HOTTEN, JJ.

HOTTEN, J.

We have been asked to determine whether the Circuit Court for Howard County abused its discretion in dismissing a petition for judicial review. Appellant, Russell Swatek, challenged the decision of appellee, Board of Elections of Howard County, that appellant's Public Local Law Referendum Petition was insufficient. Appellant subsequently filed a petition for judicial review. The petition was dismissed because appellant failed to submit a memorandum pursuant to Md. Rule 7–207(a).[1] Appellant noted an appeal, and in his own words, presents the following question:

> Did the Circuit Court for Howard County err by dismissing Appellant's Petition on the basis of a technical violation

---

1. Md. Rule 7–207(a), in relevant part, provides:

despite it being abundantly clear that Appellee was well aware of the issues raised by Appellant?

For the reasons that follow, we affirm the judgment of the circuit court.

## BACKGROUND

On February 1, 2010, the Howard County Council passed CB–59–2009.[2] CB–59–2009 amended the Howard County Zoning Ordinance ("Zoning Ordinance") in an effort to foster the redevelopment of downtown Columbia. Appellant, in conjunction with Taxpayers Against Giveaways, prepared a Public Local Law Referendum Petition ("Petition") that sought to change portions of the Zoning Ordinance that were amended. Appellant submitted 3,491 signatures in support of the Petition. Appellee concluded that the Petition was insufficient because 1,352 of the signatures were invalid.[3] Appellant subsequently filed a petition for judicial review.

On May 27, 2010, appellee transmitted the record to the circuit court. A hearing was subsequently scheduled for

Within 30 days after the clerk sends notice of the filing of the record, a petitioner shall file a memorandum setting forth a concise statement of the questions presented for review, a statement of facts material to those questions, and argument on each question, including citations of authority and references to pages of the record and exhibits relied on.

2. CB–59–2009 was better known as "An Act Amending the Howard County Zoning Regulations to Create a New Downtown Columbia Revitalization Process."

3. The Howard County Charter provides Howard County voters with the right to call for a referendum on certain enacted laws, including amendments to the Zoning Ordinance. Section 211 of the Howard County Charter outlines the procedures concerning a referendum, and provides:

(a) *Scope of the referendum.* The people of Howard County reserve to themselves the power known as "The Referendum," by petition to have submitted to the registered voters of the County to approve or reject at the polls, any law or a part of any law of the Council. The referendum petition against any such law shall be sufficient if signed by five per centum of the registered voters of the County, but in any case not less than 1,500 nor more than 5,000 signatures shall be

August 27, 2010. On August 26, 2010, appellee filed a "Motion to Dismiss," arguing that the petition for judicial review should be dismissed because appellant failed to submit a memorandum in accordance with Md. Rule 7–207(a). In the motion, appellee asserted that the failure to submit a memorandum caused substantial prejudice because: (1) the 2010 general election was sixty days away and the appeal process would not be completed by the required deadlines; (2) CB–59–2009 was delayed while the Petition was pending but was now "in effect;" (3) the public interest would be impaired if the Petition was upheld and delayed until the 2012 general election; and (4) further delay would cause the county to incur additional legal expenses.

On August 27, 2010, the day of the scheduled hearing, the circuit court heard appellee's motion to dismiss. Appellee

---

required. Such petition shall be filed with the Board of Supervisors of Elections of Howard County within sixty days after the law is enacted. If such a petition is filed as aforesaid, the law or part thereof to be referred shall not take effect until thirty days after its approval by a majority of the qualified voters of the County voting thereon at the next ensuing election held for members of the House of Representatives of the United States; provided, however, that if more than one-half but less than the full number of signatures required to complete any referendum petition against such law be filed within sixty days from the date it is enacted, the time for the law to take effect and the time for filing the remainder of signatures to complete the petition shall be extended for an additional thirty days. Any emergency measure shall remain in force from the date it becomes law notwithstanding the filing of such petition, but shall stand repealed thirty days after having been rejected by a majority of the qualified voters voting thereon. No law making any appropriation for current expenses shall be subject to rejection or repeal under this section.

(b) *Form of petition.* A petition may consist of several papers, but each paper shall contain a fair summary of the Act or the part of the Act petitioned upon; and there shall be attached to each such paper an affidavit of the person procuring the signatures thereon that, to the said person's own personal knowledge, each signature thereon is genuine and bona fide, and that to the best of his or her knowledge, information and belief the signers are registered voters of the State of Maryland and Howard County, as set opposite their names. The Board of Supervisors of Elections shall verify the registration of said petitioners.

argued that appellant's failure to file a timely memorandum was prejudicial because it did not know the factual and legal basis for the petition for judicial review. Appellant countered that there was no prejudice because appellee knew the issues. Appellant further asserted that the issues were "so narrowly known" that appellee had to have been aware of them. Appellee responded that it did not know the "specific factual issues" and was not prepared to proceed without reviewing a memorandum. Appellee added that the purpose of the memorandum was to narrow the issues.

At the conclusion of the hearing, the circuit court dismissed appellant's petition for judicial review. In dismissing it, the court stated:

> That memorandum should've been filed by, certainly no later than July the 1st of 2010, probably more like June the 26th. . . .
>
> \*     \*     \*
>
> The [appellant] is not asking—the [appellant] is asking to proceed today. The [appellant's] position is that [appellee] knows what the issues are, knows what the law is, and should be prepared to proceed.
>
> I disagree with that. . . . I can—the value of the memorandum is to narrow the issues, to specify the issues and to—and to frame the issues.
>
> \*     \*     \*
>
> . . . . The testing of the rule is whether the [appellee] is at— in this case, is at a disadvantage and I find that the [appellee] is at a disadvantage and is prejudiced by the lack of the filing of a memorandum.
>
> The [appellee]—it's unreasonable to expect the [appellee] be prepared to respond to whatever the argument may be of opposing counsel.
>
> It's unreasonable to expect the [appellee] to be prepared to produce the record necessary to counter whatever arguments might be made. And on top of that, it's unreasonable

to expect the [appellee] to do it in a total vacuum of specific allegations.

I also find that continuing this matter would not be a suitable remedy in that today is August the 27th. The first votes in the general election are less than two months away.

The—there's no—there's not enough time to perform under the rule and even if I was to truncate it and require a memorandum in, say, ten days and response in, say, ten days, that places an undue burden on the [appellee], in that there's a primary election for the [appellee] to run and there would be no time.

And most importantly, there is the fact of the sample ballots being issued. And they will be—it was a proffer of mid-September. I'm not accepting that as a fact that it's— that they would be issued in mid-September, but certainly, they're issued in advance of the general election, in advance of October the 23rd, and the public would be prejudiced if the question was not on it.

## DISCUSSION

■ Md. Rule 7–207(a) provides that "[w]ithin 30 days after the clerk sends notice of the filing of the record, a petitioner shall file a memorandum setting forth a concise statement of the questions presented for review, a statement of facts material to those questions, and argument on each question, including citations of authority and references to pages of the record and exhibits relied on." "The purpose of [Md. Rule 7–207(a) ] is to inform the opposing parties and the trial court of the issues involved in the case ... in sufficient time for the opposition to respond in kind and for the court to make an informed decision." *Gaetano v. Calvert County*, 310 Md. 121, 126, 527 A.2d 46 (1987). At bottom, the rule is supposed "to promote the orderly and efficient administration of justice," and is "meant to be obeyed." *People's Counsel v. Public Service Comm'n*, 52 Md.App. 715, 720, 451 A.2d 945 (1982) (internal quotations omitted).

In *People's Counsel,* we analyzed whether a court was required to dismiss a petition for judicial review when a memorandum was untimely. *Id.* at 715, 451 A.2d 945. There, we noted that Md. Rule B12[4] was meant to be followed, but acknowledged that "the rule does not specify or mandate any particular sanction for its violation." *Id.* at 720, 451 A.2d 945. Nevertheless, we concluded that dismissing an administrative appeal for failure to comply with Md. Rule B12 was permissible, and "perhaps even [ ] preferred," however, it was not mandatory. *Id.* Moreover, we noted that the Court of Appeals "chose not to specify dismissal as a required sanction ..." when it promulgated Md. Rule B12. *Id.* at 720–21, 451 A.2d 945.

In *Gaetano,* 310 Md. at 121, 527 A.2d 46, the Court of Appeals established a standard for determining whether an administrative appeal should be dismissed when a memorandum was untimely. There, the Court of Appeals noted that it must "look to the purpose of [Md. Rule B12] ... in light of the circumstances of [the] violation to determine the appropriate sanction for a violation of its provisions." *Id.* at 125–26, 527 A.2d 46 (citations omitted). Thereafter, the Court held that "Md. Rule 1–201(a), which controls here, states that '[w]hen a rule, by the word 'shall' or otherwise, mandates or prohibits conduct, .... [and] no consequences are prescribed [for noncompliance therewith], the court may compel compliance with the rule or may determine the consequences of the noncompliance in light of the totality of the circumstances and the purpose of the rule.' " *Id.* at 126, 527 A.2d 46. Ultimately, the

---

4. Md. Rule 7–207(a) was derived without substantive change from former Md. Rule B12. *See* Reporter's Notes to Proposed Rule 7–207, Md. Reg., Vol. 19, Issue 26, Wednesday, December 23, 1992. Md. Rule B12, in relevant part, provided:

> Within 30 days after being notified by the clerk of the filing of the record, the appellant shall file a memorandum setting forth a concise statement of all issues raised on appeal and argument on each issue, including citations of legal authorities and references to pages of the transcript and exhibits relied on.

Court of Appeals concluded that not using this standard was an abuse of discretion. *See id.*

Prior to *Gaetano,* there was no rule that provided the appropriate sanctions for the untimely submission of a memorandum. After *Gaetano,* Md. Rule 7–207(d), which governs sanctions for untimely submission of a memorandum, was promulgated. *See* Reporter's Note to Proposed Rule 7–207, Md. Reg., Vol. 19, Issue 26, Wednesday, December 23, 1992. The rule, in relevant, part provides:

> If a petitioner fails to file a memorandum within the time prescribed by [Md. Rule 7–207], the court may dismiss the action if it finds that the failure to file or the late filing caused prejudice to the moving party.

Md. Rule 7–207(d).

■ Appellant filed a petition for judicial review on April 23, 2010. The administrative record was submitted on May 27, 2010. On August 26, 2010, the day before the hearing, no memorandum from appellant had been filed. Appellee, accordingly, submitted a "Motion to Dismiss," arguing that it was prejudiced by the absence of a memorandum. The circuit court dismissed appellant's petition for judicial review on the grounds that appellee was prejudiced by the absence of a memorandum. Appellant argues that the circuit court abused its discretion because there was no prejudice. Specifically, appellant asserts that appellee was familiar with the decision being challenged and knew the relevant law. Appellant, moreover, asserts that any prejudice was "de minimus" because the memorandum would have merely reworded the issues appellee was aware of.

In *People's Counsel,* 52 Md.App. at 716–17, 451 A.2d 945, an order from the Public Service Commission granting a taxicab rate increase was appealed to the Circuit Court for Baltimore City. On February 2, 1981, the Public Service Commission sent the record to "Mr. Elmer O. Harris, Clerk Circuit Court of Baltimore City[,] Room 425, Civil Court Building 111 N. Calvert Street Baltimore, Maryland 21202[.]" *Id.* at 717, 451

A.2d 945 (internal quotations omitted). However, Harris was the clerk of the Baltimore City Court.[5] *Id.* Harris, accordingly, "redocketed" the appeal in the Baltimore City Court. *Id.* Harris then sent People's Counsel a "Notice Sent In Accordance With Maryland Rule [B12]," dated February 3, 1981, indicating that the case was before the Baltimore City Court. *Id.* at 718, 451 A.2d 945.

Eventually, the appeal was transferred to the Circuit Court for Baltimore City. *Id.* On April 3, 1981, the Public Service Commission moved to dismiss the appeal because People's Counsel failed to file a memorandum within thirty days of the February 3, 1981 notice. *Id.* On April 10, 1981, People's Counsel filed a memorandum.[6] *Id.* The court subsequently denied the motion because the memorandum was filed more than thirty days before the hearing. *Id.* at 718–19, 451 A.2d 945. On appeal, we concluded that the lower court did not abuse its discretion in declining to dismiss the appeal because: (1) there was no evidence that the court or the administrative agency was "inconvenienced, much less prejudiced[;]" (2) the rate increase being challenged remained in effect during the appeal; (3) Md. Rule B12 was new; (4) there was limited publication of Md. Rule B12; and (5) the administrative agency was negligent in "in transmitting the record to the wrong court...." *Id.* at 721, 451 A.2d 945.

---

**5.** The Baltimore City Court used to be one of many courts under the Supreme Bench of Baltimore City, which was unified in 1980 into a "single, unified, and consolidated Circuit Court for Baltimore City." *See* Dan Friedman, The Maryland State Constitution, 250 (G. Alan Tarr, ed., Oxford University Press 2011).

**6.** People's Counsel provided the following reasons for not filing a memorandum:

(1) [Md. Rule B12] was a new [rule], having taken effect on January 1, 1981; (2) it had not, as of then, been published in Vol. 9C of the Maryland Code, where the other rules are located; (3) the notice in any event was a nullity since it was sent by a clerk who had no jurisdiction over the case; (4) the Commission was not prejudiced by the lapse; and (5) dismissal of the appeal was an unnecessarily harsh sanction.

*People's Counsel,* 52 Md.App. at 718, 451 A.2d 945.

In *Gaetano,* 310 Md. at 122, 527 A.2d 46, the Board of County Commissioners of Calvert County ("Board") approved David Van Hoy's ("Hoy") application to establish a transfer zone of eighty-eight acres. Adjacent landowners and affected neighbors filed an "Order of Appeal" and a "Petition for Judicial Review." *Id.* at 122–23, 527 A.2d 46. The Board filed a timely answer and served the order and petition on Hoy. *Id.* at 123, 527 A.2d 46. Hoy neglected to file an answer and was no longer considered a party. *Id.* After nineteen months of inaction, Hoy filed a "Motion to Intervene," which was granted. *Id.* Hoy thereafter filed a motion to dismiss, asserting the adjacent landowners and affected neighbors did not file a memorandum within thirty days of the record being filed in accordance with Md. Rule B12. *Id.* A memorandum was filed five days later. *Id.* The lower court dismissed the appeal, concluding Md. Rule B12 mandated dismissal, absent compelling circumstances, when a memorandum was not filed within thirty days *Id.* at 123–24, 527 A.2d 46. On appeal, we articulated:

> The record indicates that on April 3, 1986 a non-jury trial on the merits of the appeal was scheduled for July 22, 1986, some three months after the appellants filed their [Md.] Rule B12 memorandum (April 14, 1986). Clearly, the appellees were given adequate time to become informed of the issues and the appellants' arguments as well as to prepare a response to the memorandum. *See [Md.]* Rule B12 (giving appellees thirty days from receipt of appellants' memorandum to file an answering memorandum). We simply do not see any prejudice to either appellee in this case caused by the delayed filing. *See In re: Darryl D.,* 308 Md. 475, 483, 520 A.2d 712, 716 (1987).

*Id.* at 126–27, 527 A.2d 46.

In *Dep't of Econ. & Employment Dev. v. Hager,* 96 Md.App. 362, 375, 625 A.2d 342 (1993), the Department of Economic & Employment Development ("Department") failed to submit an answering memorandum within thirty days pursuant to Md. Rule B12. The memorandum was supposed to be filed on May 7, 1992, and on May 27, 1992, Richard D. Hager ("Hag-

er") filed a "Motion for Default, or in the Alternative, Motion to Compel Filing of Memorandum." *Id.* (internal quotations omitted). In Hager's motion, he requested that the court enter default or order the Department to file an answering memorandum "no later than June 12, 1992." *Id.* (internal quotations omitted). The Department filed an answering memorandum on June 1, 1992. *Id.* Hager subsequently filed a motion to strike. *Id.* The lower court denied the pending motions. *Id.* On appeal, Hager argued that the court abused its discretion in denying the motions. *Id.* at 374, 625 A.2d 342. We held:

> The obvious purpose of the requirement that an answering memorandum be filed within thirty days is to ensure that an appellant will know what an appellee's arguments are in sufficient time to fully address them when a hearing is held. Here, [ ] Hager's counsel had a copy of [the Department's] answering memorandum more than five weeks prior to the July 9, 1992 hearing. Five weeks was adequate time to prepare fully for the hearing and [ ] Hager was in no way prejudiced by the late filing. [*Cf.*] *Gaetano v. Calvert County*, 310 Md. 121, 527 A.2d 46 (1987) (dismissal of an administrative appeal was an improper sanction against appellant for late filing of memorandum absent showing of prejudice). Under the totality of the circumstances, the trial judge did not abuse his discretion in denying [ ] Hager's motions.

*Id.* at 375–76, 625 A.2d 342.

In *Billings v. County Council of Prince George's County*, 190 Md.App. 649, 665, 989 A.2d 1170 (2010), the lower court granted Eastern Petroleum Corporation's ("Eastern Petroleum") motion to strike a memorandum filed by Dedra Billings, David B. Johnson, Michelle Coffee, Cheryl Corson, and Friends of Croom Civic Association's ("Petitioners"), because it was untimely and the untimeliness prejudiced Eastern Petroleum. There, once the parties acknowledged that the memorandum was untimely, the court granted the motion, and held:

The issue of prejudice is addressed in case law applying Maryland's former Rule B–12 which was a predecessor to Maryland Rule 7–207. And you have to look at the factors that would mitigate for finding the prejudice.

The purpose of Rule 2–707 is to inform the opposing parties and the trial court of the issues involved in the case and the appellants' arguments on appeal in sufficient time for the opposition to respond in kind and for the court to make an informed decision and that's from the ... [*Gaetano v.*] Calvert County case, ... 310 Maryland 121, 527 A.2d 46 at Page 126. That's a 1987 case.

In [*Gaetano*] the court found that where a memorandum filed three months before the bench trial provided adequate time for the respondents to become informed of the issues and to prepare a response.

Here the [P]etitioners' memorandum was filed 95 days before oral arguments. One distinction between the cases is that in [*Gaetano*] they filed their memorandum five days after the filing of the motion to dismiss for failure to file a memorandum.

\* \* \*

As these cases move through the system, there really truly is a problem in the economic sense where changing business conditions certainly would prejudice a business trying to expand as it is in this case, by failure to comply with these very strict and sometimes difficult rules to navigate.

*Id.* at 666–67, 989 A.2d 1170.

On appeal, we concluded that the record did not support the conclusion that "changing business conditions" prejudiced Eastern Petroleum's business. *Id.* at 667, 989 A.2d 1170 (internal quotations omitted). Moreover, we concluded that the purpose of Md. Rule 7–207(a) was fulfilled because the memorandum was filed ninety-five days before the scheduled hearing. *Id.* Ultimately, we concluded that the lower court erred when it concluded appellant was prejudiced. *Id.*

*People's Counsel, Gaetano, Hager,* and *Billings* suggest that appellant's failure to submit a memorandum was prejudicial.

If the hearing would have proceeded, appellee presumably would not have been prepared to address appellant's arguments. Admittedly, appellee's "Motion to Dismiss" suggests that it had a general grasp of the issues. However, that does not mean appellee would have been prepared for every material argument, given the totality of the circumstances. That said, we find appellant's failure to file a memorandum curious. Even an untimely memorandum, assuming the date of the submission afforded the opposing party sufficient time to prepare, may have satisfied the purpose of Md. Rule 7–207(a). *See e.g.'s Gaetano,* 310 Md. at 126–27, 527 A.2d 46 (untimely submission of a memorandum satisfied the purpose of Md. Rule B12 because it was submitted approximately three months before the hearing); *Billings,* 190 Md.App. at 667, 989 A.2d 1170 (the purpose of Md. Rule B12 was satisfied because the memorandum was filed five weeks before the hearing); *Hager,* 96 Md.App. at 375–76, 625 A.2d 342 (an untimely memorandum filed ninety-five days before the hearing fulfilled the purpose of Md. Rule 7–207(a)). Nevertheless, because the failure to file a memorandum was prejudicial, the circuit court properly forestalled appellant's request to proceed.[7]

Furthermore, the circuit court was prejudiced by the absence of a memorandum. A memorandum would have narrowed the arguments and framed their issues, thereby assisting the court in making an informed determination. Absent this, appellant may have spearheaded an unguided argument that could have convoluted the purpose of a judicial review. *See United Parcel Serv., Inc. v. People's Counsel,* 336 Md. 569, 576, 650 A.2d 226 (1994) (" 'Judicial review of administrative agency action is narrow.' "). Accordingly, because appellant and the circuit court were prejudiced, we conclude that the court did not abuse its discretion in dismissing the appeal.[8]

---

7. Interesting enough, we found no appellate decision addressing the total failure of a party to file a memorandum. The parties in *People's Counsel, Gaetano, Billings,* and *Hager,* at minimum, filed an untimely memorandum.

8. The circuit court could have continued the matter to accommodate the filing of memoranda. However, a continuance would have been

# JUDGMENT OF THE CIRCUIT COURT FOR HOWARD COUNTY AFFIRMED. COSTS TO BE PAID BY APPELLANT.

prejudicial to the public interest. Howard County Charter provides that when a sufficient referendum petition if filed, "the law or part thereof to be referred shall not take effect until thirty days after its approval by a majority of the qualified voters of the County voting thereon at the next ensuing election held for members of the House of Representatives of the United States...." The 2010 general election was months away when the judicial review was pending. The record suggests that there would not have been enough time to continue the proceedings, address the petition for judicial review, and then, assuming the circuit court concluded the Petition was valid, have CB–09–2009 on the ballot for the 2010 general election. Thus, the public interest would have been prejudiced because Howard County voters, at best, would have been forced to vote on CB–09–2009 in the 2012 general election if the Petition was determined to be sufficient.